123 P.3d 456 (2005)
155 Wash.2d 867
In the Matter of the Personal Restraint of Richard CADWALLADER, Petitioner.
State of Washington, Respondent,
v.
Richard Allen Cadwallader, Petitioner.
No. 76070-5.
Supreme Court of Washington, En Banc.
Argued September 13, 2005.
Decided November 23, 2005.
*457 Eric Broman, Nielsen Broman & Koch PLLC, Seattle, for Petitioner/Appellant.
David Stuart Mc Eachran, Kimberly Anne Thulin, Whatcom County Prosecutor's Office, Bellingham, for Appellee/Respondent.
MADSEN, J.
¶ 1 The petitioner was sentenced as a persistent offender to life in prison without the possibility of early release. He argues that his sentence is unlawful because one of the two predicate strike offenses "washed out" and that the Court of Appeals erroneously allowed the State to prove an out-of-state conviction to show that the wash out period was interrupted. Because it is the State's burden to establish criminal history at sentencing (unless the defendant pleads guilty pursuant to a plea agreement), we agree that the State is not entitled to rely on the out-of-state conviction that it did not allege at sentencing. We reverse the Court of Appeals and remand this case for resentencing.

FACTS
¶ 2 In 1998 Richard Cadwallader pleaded guilty to second degree robbery committed in 1997.[1] His plea of guilty was not, however, pursuant to a plea agreement. Cadwallader was sentenced under the Persistent Offender Accountability Act (POAA) to life without the possibility of early release. Under the POAA a "persistent offender" is, in relevant part, an individual who is convicted of a felony that is a most serious offense and who has at least two prior felony convictions for most serious offenses. RCW 9.94A.030(33);.570. The State presented Cadwallader's criminal history, which is shown in his statement on plea of guilty and in his judgment and sentence: an August 1974 conviction for second degree burglary; a January 1978 conviction for third degree rape; an April 1981 conviction for second degree escape; an *458 April 1993 conviction for second degree robbery; and an April 1993 conviction for taking a motor vehicle. The State identified the 1978 rape and the 1993 robbery as predicate strike offenses under the POAA.
¶ 3 Cadwallader's statement on plea of guilty states that he agreed that the prosecuting attorney's statement of his criminal history was correct and complete. At sentencing he did not object to the prosecuting attorney's presentation of his criminal history or characterization of the 1978 rape conviction as a predicate strike offense. It is undisputed that he thought that the sentence would be life without possibility of early release. The trial court accepted Cadwallader's plea and sentenced him as a persistent offender to life. In March 1999 Cadwallader filed a personal restraint petition challenging the validity of his guilty plea. The Court of Appeals dismissed the petition.
¶ 4 On October 7, 1999, this court issued State v. Cruz, 139 Wash.2d 186, 985 P.2d 384 (1999), holding that a 1990 amendment to the Sentencing Reform Act of 1981(SRA), chapter 9.94A RCW, that removed prior sex offenses from wash out provisions of the SRA applied prospectively only and that a rape conviction that had previously washed out was not revived by the amendment. On April 12, 2000, Cadwallader, acting pro se, filed the present personal restraint petition, arguing that the 1978 rape conviction washed out because he had no convictions during the five years following his January 31, 1983, release from confinement for that offense. He argued his life sentence was invalid. Cadwallader sought resentencing under the SRA. The State moved for additional time to respond to Cadwallader's petition, arguing that it needed to verify two felony convictions in Kansas about which it had recently learned. The Court of Appeals granted the motion. In its initial response, the State argued that one of the Kansas convictions, a 1985 theft conviction, interrupted the five-year period, and accordingly the 1978 conviction did not wash out. The Court of Appeals appointed counsel for Cadwallader, and the parties filed supplemental briefing.
¶ 5 Then, on March 4, 2000, the State filed a motion under CrR 7.8(b)(3) in Whatcom County Superior Court seeking to vacate or amend the judgment and sentence. The next day, the State sought a stay of the personal restraint petition proceedings in the Court of Appeals pending the trial court's consideration of the CrR 7.8 motion. The Court of Appeals granted the stay.
¶ 6 The State's motion in superior court for vacation or amendment of the judgment and sentence was based on its assertion that Cadwallader committed fraud and misrepresentation relating to his criminal history presented at the time of his plea and sentencing. The State's theory was that Cadwallader defrauded the court by remaining silent. The prosecuting attorney initially represented that the State believed it had set out Cadwallader's full criminal history and that it discovered the 1985 Kansas felony conviction in the course of responding to the personal restraint petition. However, in discovery provided to the defense prior to the 1998 sentencing, the State had provided a printout of a Washington State Identification Section (WASIS) and a National Crime Information Center (NCIC) criminal history that showed the Kansas theft conviction.[2]
¶ 7 Although it refused to find that the State established fraud, the trial court made findings and conclusions that Cadwallader had a 1985 felony theft conviction from Kansas that was comparable to the crime of theft in the second degree in Washington, a class C felony.
*459 ¶ 8 Cadwallader appealed. The State then moved in the Court of Appeals pursuant to RAP 7.2(e) for entry of the trial court's findings and conclusions. The Court of Appeals granted the motion, lifted the stay, and consolidated the personal restraint petition and the appeal.
¶ 9 The Court of Appeals concluded that because Cadwallader failed to object to his criminal history and put the sentencing court on notice that the 1978 conviction washed out, and the parties thus had not litigated the washout issue before sentencing, the State should have the opportunity to prove the 1985 Kansas conviction to show that the 1978 rape conviction did not wash out. In re Pers. Restraint of Cadwallader, noted at 122 Wash.App. 1023, slip op. at 17, 2004 WL 1559782 at *1 (2004), review granted, 154 Wash.2d 1001, 113 P.3d 481 (2005). The Court of Appeals observed that the State did not list the 1985 conviction because it did not appear necessary. Id., slip op. at 17, 2004 WL 1559782 at *1. The Court of Appeals also recognized, though, that there was no reason for Cadwallader to object to characterization of the rape offense as a predicate strike offense in light of the 1990 amendment to the SRA eliminating sex offenses from the wash out provisions. Id. That is, both parties believed at the time of sentencing that the 1978 rape conviction could not wash out.
¶ 10 The Court of Appeals accepted the trial court's findings that the conviction was valid and comparable and then dismissed Cadwallader's personal restraint petition because, in light of the Kansas conviction, the 1978 rape conviction did not wash out. The court remanded for amendment of the judgment to reflect the Kansas conviction.

ANALYSIS
¶ 11 A petitioner cannot obtain collateral relief based on nonconstitutional error unless the petitioner shows that he or she is unlawfully restrained due to a fundamental defect that inherently results in a miscarriage of justice. In re Pers. Restraint of West, 154 Wash.2d 204, 209, 110 P.3d 1122 (2005); In re Pers. Restraint of Goodwin, 146 Wash.2d 861, 867, 50 P.3d 618 (2002); In re Pers. Restraint of Cook, 114 Wash.2d 802, 812, 792 P.2d 506 (1990).
¶ 12 The first question is whether Cadwallader affirmatively acknowledged his criminal history, including the 1978 rape conviction, and agreed to his life sentence as a persistent offender. The State argues that Cadwallader's affirmative acknowledgement supplied the necessary facts for the trial court to impose the persistent offender sentence without further evidence from the State.
¶ 13 A sentencing court may rely on a stipulation or acknowledgment of prior convictions without further proof. See RCW 9.94A.530(2). Acknowledgement includes not objecting to information included in presentence reports. Id. If the defendant disputes material facts, the sentencing court either must not consider the facts, or it must grant an evidentiary hearing on the matter. RCW 9.94A.530(2) (formerly RCW 9.94A.370(2)).
¶ 14 However, as Cruz and Goodwin demonstrate, Cadwallader could not agree to a life sentence as a persistent offender under the circumstances in this case. Like in Cruz, Cadwallader's judgment and sentence includes a predicate strike offense that washed out prior to the 1990 amendment to the SRA that eliminated sex offenses from the wash out provisions. When Cruz was decided it became clear that the 1990 amendment applied prospectively only and did not apply to revive washed out convictions. We held in Cruz that the defendant had to be resentenced using an offender score that did not include the washed out conviction.
¶ 15 In Goodwin the petitioner's statement on plea of guilty pursuant to a plea agreement stated that the petitioner agreed that the prosecuting attorney's statement of his criminal history was correct and complete. Goodwin, 146 Wash.2d at 864, 50 P.3d 618. However, petitioner's judgment and sentence showed that one of the prior convictions used to calculate his offender score had washed out. We explained that a sentence based on a miscalculated upward offender score is in excess of statutory authority and generally may be challenged at any time. Id. at 873-74, 50 P.3d 618. The defendant cannot agree to a sentence in excess of that which is *460 statutorily authorized. Id. at 876, 50 P.3d 618. We remanded for resentencing using a correct offender score.
¶ 16 As in Goodwin, Cadwallader's acknowledgement of his criminal history does not prevent him from challenging his sentence where the judgment and sentence shows that one of the prior convictions used to determine his sentence washed out.[3]
¶ 17 Our decision in State v. Ross, 152 Wash.2d 220, 226-27, 229-32, 95 P.3d 1225 (2004), is consistent. Waiver of a challenge to an allegedly invalid sentence "can be found where the alleged error involves an agreement to facts, later disputed, or where the alleged error involves a matter of trial court discretion." Goodwin, 146 Wash.2d at 874, 50 P.3d 618. "[W]aiver may be found where a defendant stipulates to incorrect facts." Id. In Ross, the criminal history relied on by the State included convictions from other jurisdictions that defense counsel affirmatively acknowledged were properly included in the defendants' offender scores. We held that the defendants had waived any challenges that the State failed to prove their offenses were comparable to Washington crimes. As Cadwallader contends, there is a difference between a stipulation to facts, such as the comparability of an out-of-state offense, which can constitute waiver, and a stipulation to a legal conclusion, which cannot. Cadwallader could not stipulate to a persistent offender life sentence where the State did not allege a prior conviction  the 1985 Kansas conviction  that was a fact necessary to show that the 1978 rape conviction did not wash out.
¶ 18 The next question is whether the State may now prove the 1985 Kansas conviction. The Court of Appeals held that the failure to object to use of the 1978 rape conviction means that the State is entitled to allege and prove the 1985 Kansas conviction to show that the 1978 rape conviction did not in fact wash out and Cadwallader's life sentence was proper.
¶ 19 Unless a defendant is convicted pursuant to a plea agreement, he or she has no obligation to disclose any prior convictions. State v. Lopez, 147 Wash.2d 515, 519, 55 P.3d 609 (2002); State v. Ammons, 105 Wash.2d 175, 183, 713 P.2d 719, 718 P.2d 796 (1986) (former RCW 9.94A.100 (1981),[4] which requires the defendant to disclose prior convictions, applies only when he or she enters a plea of guilty pursuant to a plea agreement). Here, Cadwallader did not plead guilty pursuant to a plea agreement.
¶ 20 The State bears the burden of proving by a preponderance of the evidence the existence of prior convictions, whether used for determining an offender score or as predicate strike offenses for purposes of the POAA. State v. Ford, 137 Wash.2d 472, 479-80, 973 P.2d 452 (1999) (prior convictions for offender score); Lopez, 147 Wash.2d at 519, 55 P.3d 609 (predicate strike offense). The burden is on the State "because it is `inconsistent with the principles underlying our system of justice to sentence a person on the basis of crimes that the State either could not or chose not to prove.'" Ford, 137 Wash.2d at 480, 973 P.2d 452 (quoting In re Pers. Restraint of Williams, 111 Wash.2d 353, 357, 759 P.2d 436 (1988)). Where the prior convictions are from another jurisdiction, the State also bears the burden of proving the convictions are comparable to Washington crimes. Id. at 482-83, 973 P.2d 452; State v. McCorkle, 137 Wash.2d 490, 495, 973 P.2d 461 (1999).
¶ 21 Given that Cadwallader had no obligation to disclose his criminal history, it follows that he had no obligation to object to the State's failure to include the 1985 Kansas theft conviction in his criminal history. Regardless of whether it appeared necessary to present the Kansas conviction at the time of *461 sentencing, it was the State's burden to present criminal history, not Cadwallader's.[5]
¶ 22 The State contends, however, that Cadwallader failed to put the court on notice of a defect that needed to be litigated, i.e., whether the 1978 rape conviction washed out, and accordingly under Ford the State must be given the opportunity to present further evidence.
¶ 23 In Ford, the State alleged out-of-state convictions as prior felonies for purposes of determining the defendant's offender score, but failed to provide proof of their existence and classification. At sentencing the defendant did not object to the classification of the convictions but argued on appeal that his sentence was based on an erroneous offender score because the State had failed to prove that the convictions were comparable to Washington felonies. The Court of Appeals affirmed, holding that the defendant had waived any challenge by failing to object to comparability. We reversed. Although a defendant can acknowledge unchallenged facts and information by a failure to object, a defendant does not acknowledge the State's position regarding the classification of prior offenses absent an affirmative agreement. Ford, 137 Wash.2d at 483, 973 P.2d 452. Therefore, if out-of-state convictions are part of the history used to calculate the defendant's offender score, and the defendant neither objects to nor affirmatively agrees to their comparability as in Ross, waiver is not found. In such cases, however, the defendant's failure to raise deficiencies will lead to remand for an evidentiary hearing to allow the State the opportunity to prove the classification of the disputed convictions. Id. at 485-86, 973 P.2d 452.
¶ 24 Ford does not control, contrary to the State's contention. In Ford the State alleged the out-of-state convictions used to determine the defendant's offender score. In contrast, here the State did not even allege the 1985 Kansas conviction, much less present proof of it. A "defendant is simply not obligated to disprove the State's position, at least insofar as the State has failed to meet its primary burden of proof." Id. at 482, 973 P.2d 452. And, absent the 1985 Kansas conviction, Cadwallader's criminal history, listed in both his statement on plea of guilty and the judgment and sentence, shows that his 1978 rape conviction washed out.
¶ 25 Both Cadwallader and the State rely on Lopez in support of their arguments. In Lopez, the prosecuting attorney alleged prior convictions but failed to provide any supporting evidence for one of them. The defendant objected to his life sentence as a persistent offender absent proof of the prior offense. Lopez, 147 Wash.2d at 521, 55 P.3d 609. We determined that the State had failed to prove the offense, but unlike in Ford, declined to permit the State a second opportunity to prove it. We held that "remand for an evidentiary hearing is appropriate only when the defendant has failed to specifically object to the state's evidence of the existence or classification of a prior conviction." Id. at 520, 55 P.3d 609. If the defendant has objected, and the disputed issues have been fully argued at sentencing, the State will be held to the existing record, the unlawful portion of the sentence will be excised, and the case will be remanded for resentencing without allowing the State to produce furthered evidence. Id. at 520-21, 55 P.3d 609 (citing Ford, 137 Wash.2d at 485, 973 P.2d 452). We observed, as we did in Ford, that the State does not meet its burden by bare assertions and that "`[t]o uphold procedurally defective sentencing hearings would send the wrong message to the trial courts, criminal defendants, and the public.'" Id. at 523, 973 P.2d 452 (quoting Ford, 137 Wash.2d at 484, 973 P.2d 452). It would send an equally wrong message to allow the State a second opportunity to prove its allegations of the defendant's history. Id. at 523, 973 P.2d 452.
¶ 26 The State maintains that because Cadwallader did not object to inclusion of the 1978 rape conviction as part of his criminal history, unlike the defendant in Lopez who did object to use of the prior offense as a predicate strike, the State is not foreclosed from now proving the Kansas conviction. Cadwallader contends, on the other hand, that where the prosecution does even less *462 than in Lopez, i.e., it does not even allege a necessary prior conviction, here the 1985 Kansas theft conviction necessary to show that the 1978 rape conviction did not wash out, the defendant has no obligation to object and the State should not be allowed the remedy of an evidentiary hearing to correct its failure. We agree. At sentencing, unlike in both Ford and Lopez, the State failed even to allege the out-of-state conviction.
¶ 27 The State next argues that Cadwallader cannot meet his burden on collateral review of establishing that he is restrained due to a fundamental defect inherently resulting in a complete miscarriage of justice, Goodwin, 146 Wash.2d at 867, 50 P.3d 618, because in fact the 1985 Kansas conviction interrupted the wash out period for the 1978 rape. Before this argument may even be considered, however, there must be some legal basis for permitting the State to prove the Kansas conviction when it did not even allege the 1985 Kansas conviction at sentencing, i.e., there must be some legal justification for entry of findings regarding the 1985 Kansas conviction.
¶ 28 The State first urges us to follow the course that the Court of Appeals took, which was to consider the CrR 7.8 hearing to be essentially a reference hearing. Cadwallader, 2004 WL 1559782, slip op. at 17. As mentioned, the Court of Appeals granted the State's motion pursuant to RAP 7.2(e) for entry of the trial court's findings and conclusions. The Court of Appeals concluded that it was not in the interest of judicial economy to require a trial court to rehear the issue and accepted the trial court's findings and found they were supported by substantial evidence. Id.
¶ 29 If a personal restraint petitioner presents a prima facie case of error, but the issues cannot be resolved on the existing record, the case will be transferred to superior court for a reference hearing. RAP 16.11(b); In re Pers. Restraint of Rice, 118 Wash.2d 876, 885, 828 P.2d 1086 (1992). However, only competent, admissible evidence may be considered at a reference hearing. See In re Pers. Restraint of Lord, 123 Wash.2d 296, 303, 868 P.2d 835 (1994) (to obtain an evidentiary hearing, a personal restraint petitioner must present competent, admissible evidence to establish facts entitling him to relief). The evidence of the 1985 Kansas conviction would not be admissible on direct appeal to overcome Cadwallader's claim of an unlawful sentence because the State completely failed in its burden of proving that prior conviction at sentencing  it did not even allege the conviction. The evidence does not become admissible simply because this case is now on collateral review. Accordingly, we will not consider evidence of the 1985 conviction offered at the CrR 7.8 hearing.
¶ 30 The State also contends that the superior court's decision on the CrR 7.8(b)(3) should be upheld as a CrR 7.8 decision. We disagree. A decision on a CrR 7.8 motion is reviewable for abuse of discretion. State v. Hardesty, 129 Wash.2d 303, 317, 915 P.2d 1080 (1996). CrR 7.8 allows for vacation or amendment of a final judgment on certain grounds, including mistake, excusable neglect, newly discovered evidence, and fraud. Here, the State alleged fraud. It is error, however, to vacate a judgment on the ground of fraud absent a hearing and findings on the elements of fraud. Id. at 317-18, 915 P.2d 1080. The trial court said that fraud was not established and thus did not have grounds to decide that the judgment and sentence should be amended to include the 1985 Kansas theft conviction.[6]

CONCLUSION
¶ 31 Cadwallader did not stipulate to a predicate strike offense and a life sentence as a persistent offender when the State failed to allege a 1985 Kansas conviction that *463 was factually necessary to show the 1978 predicate strike offense did not wash out. Because Cadwallader did not plead guilty pursuant to a plea agreement, he had no obligation to present the 1985 Kansas conviction or to complain about the State's failure to allege that conviction at sentencing. Thus, Cadwallader did not waive any challenge to use of the 1978 rape conviction as a predicate offense. On collateral review there is no legal basis for permitting the State to prove the 1985 Kansas conviction when it failed to allege that conviction at sentencing. Cadwallader's sentence as a persistent offender is unlawful.
¶ 32 We grant Cadwallader's personal restraint petition and remand for resentencing under the SRA. The Court of Appeals is reversed.
WE CONCUR: ALEXANDER, C.J., C. JOHNSON, SANDERS, CHAMBERS, OWENS, JJ.
BRIDGE, J. (dissenting).
¶ 33 Amendments to the Sentencing Reform Act (SRA) of 1981, chapter 9.94A RCW, reveal the legislature's continued displeasure with our interpretations of the act. LAWS OF 2000, ch. 26, § 1, codified at RCW 9.94A.345; LAWS OF 2002, ch. 107, § 1, codified at RCW 9.94A.030. I fear today's ruling will fall victim to the same fate. I agree that the defendant's case should be remanded for resentencing, but I am persuaded that the State should also be allowed to present evidence of Richard Cadwallader's 1985 Kansas conviction upon remand. I respectfully dissent.
¶ 34 The facts of this case present a novel question: whether at sentencing the State must prove a conviction when it is unnecessary to a defendant's persistent offender score or waive its ability to introduce the crime in the event of resentencing. And, because this is a case of first impression, the case law the majority cites for its proposition that the State may not present evidence of the 1985 conviction upon remand does not control here. The majority concludes that there is no legal basis for allowing evidence of the 1985 conviction on remand. Majority at 463. But neither does it present any legal basis squarely prohibiting that course of action.
¶ 35 In a sentencing hearing, the State must prove the predicate offenses on which it relies for a "three-strikes" conviction by a preponderance of the evidence. State v. Lopez, 147 Wash.2d 515, 519, 55 P.3d 609 (2002). But some predicate offenses will "wash out" of an offender's criminal history if there is a crime-free statutory period of time between the date of release from the prior offense and the next date of confinement. See RCW 9.94A.525(2). In 1990, the legislature passed an amendment to the SRA that barred sex offenses from being washed out regardless of timing. In 1999, this court held that the 1990 amendment was prospective only and sex offenses committed before 1990 could wash out. State v. Cruz, 139 Wash.2d 186, 190, 193, 985 P.2d 384 (1999). However, at Mr. Cadwallader's 1998 sentencing, the understanding of both parties was that Mr. Cadwallader's 1978 rape conviction could not wash out, even though his next predicate offense was not until 1993. Majority at 459.
¶ 36 Having already proved the existence of these two requisite predicate offenses via Mr. Cadwallader's stipulation, the State did not additionally seek to prove a then-superfluous offense, the 1985 Kansas conviction. The unintentional error presented by reliance on Mr. Cadwallader's 1978 rape conviction was not illuminated until the decision in Cruz.
¶ 37 Today the majority contends that because the State knew about Mr. Cadwallader's 1985 conviction at the time of his sentencing, but did not gratuitously include it in his criminal history, it should not be allowed to do so now. The majority points to State v. Ford, 137 Wash.2d 472, 973 P.2d 452 (1999) and Lopez, 147 Wash.2d 515, 55 P.3d 609, to support this proposition. In those cases, the State completely failed its burden of production in the sentencing hearing, to say nothing of its burden of persuasion. In Ford, the State failed to produce evidence to support its oral assertion that the out-of-state predicate felonies were comparable to Washington felonies. Ford, 137 Wash.2d at 475-76, 973 P.2d 452. Likewise, in Lopez, the State *464 failed to produce copies of the judgments on the predicate felony offenses. 147 Wash.2d at 520, 55 P.3d 609. Thus, the State did not meet its initial burden of proof on the predicate offenses and could not get a "second bite at the apple" upon remand.
¶ 38 Mr. Cadwallader argues here that the State egregiously failed its burden of proof because it did not even allege the 1985 Kansas conviction. See majority at 462. But this assertion ignores a crucial difference between Mr. Cadwallader's case and the authority he cites. Here, the 1985 Kansas conviction was not a predicate offense, and the State did not need to present evidence of it.
¶ 39 At the time of Mr. Cadwallader's conviction, it was the understanding of both parties that the 1990 SRA amendments foreclosed the "washing out" of Mr. Cadwallader's 1978 rape conviction. Majority at 459. While the 1999 decision in Cruz later rejected that reading of the 1990 amendments, in 1998 all the State needed to show was evidence of the 1978 rape conviction and Mr. Cadwallader's 1993 robbery conviction to sentence him under the persistent offender accountability act (POAA), RCW 9.94A.570. In fact, that is what the State did. Unlike the prosecution in Ford and Lopez, here the State met its burden of proof in 1998. Today the majority apparently seeks to increase the State's burden by requiring it to use time and resources to allege every conceivable crime against a defendant under the POAA, as opposed to every applicable crime. Such a result is not consistent with the stated purpose of the SRA to "[m]ake frugal use of the state's and local governments' resources." RCW 9.94A.010(6).
¶ 40 And though our existent law may not quite answer this question, the legislature would likely not endorse the majority's decision to prohibit evidence of Mr. Cadwallader's 1985 conviction on remand. The 2002 amendments to the SRA expressed the legislature's displeasure with the majority decisions in Cruz, 139 Wash.2d 186, 985 P.2d 384, and State v. Smith, 144 Wash.2d 665, 674-75, 30 P.3d 1245, 39 P.3d 294 (2001) ("[b]ecause the SRA contains no explicit legislative intent for retroactivity, and the 1997 amendment [to juvenile "wash-out" provisions] is neither curative nor remedial, we hold the 1997 amendment cannot be applied retroactively."). The legislature admonished that neither Cruz nor Smith "properly interpreted legislative intent." LAWS OF 2002, ch. 107, § 1; RCW 9.94A.030(13). "When the legislature enacted the sentencing reform act ... and each time the legislature has amended the act, the legislature intended that an offender's criminal history and offender score be determined using the statutory provisions that were in effect on the day the current offense was committed." Id. (emphasis added); State v. Varga, 151 Wash.2d 179, 183, 86 P.3d 139 (2004) (holding that the 2002 SRA amendments "require that sentencing courts include defendants' previously `washed out' prior convictions when calculating defendants' offender scores at sentencing for crimes committed on or after the amendments' effective date.").
¶ 41 Richard Cadwallader's offense occurred in 1997 and is not encompassed by the legislative intent announced in the 2002 SRA amendments. Nevertheless, such legislative sentiments indicate that the legislative intent behind the SRA is best served when courts err on the side of "ensur[ing] that the punishment for a criminal offense is proportionate to the seriousness of ... the offender's criminal history." RCW 9.94A.010(1). Therefore, while legislative intent does not mandate the inclusion of the 1985 conviction upon remand of Mr. Cadwallader's case, it suggests that such a course of action would be preferable to the decision the majority announces today. Even though his 1978 rape conviction washed out, Mr. Cadwallader committed a crime in 1985 that should continue to subject him to persistent offender sentencing. Thus, he can hardly claim that his continued incarceration under those laws is a miscarriage of justice necessitating collateral relief. See majority at 459.
¶ 42 In closing, I note that my preference to allow evidence of the 1985 conviction is in no way connected to Mr. Cadwallader's failure to object to the predicate offenses, as the State argues it ought to be. Such an argument is unpalatable to the principles underlying the burden of proof in the criminal justice system, which does and always should properly *465 lie with the prosecution. Instead, my dissent stems from the simple fact that the State met that burden of proof at Mr. Cadwallader's sentencing hearing under the law in 1998, and nothing more was required of it. Accordingly, I dissent.
J.M. JOHNSON, FAIRHURST, JJ., concur.
NOTES
[1] He was also charged with forgery.
[2] The printout showed:

4-ARRESTED OR RECEIVED 1985/10/6 AGENCY-POLICE DEPARTMENT EMPORIA (KS0560100) AGENCY CASE-15366 CHARGE 1-FELONY THEFT 2 CTS COURT
DISPOSITION
CHARGE-FELONY THEFT 2 CTS SENTENCE DISM 1 CT PG TO 1 CT SENT 1-5 YRS AND TO PAY COSTS OF $116
Clerk's Papers at 67 (the State stipulated that this document was in the discovery provided). The prosecuting attorney also conceded that he had filed a fugitive complaint in 1987 against Cadwallader seeking to extradite him for alleged parole violations for the 1985 theft conviction, but said he did not recall having handled the matter.
[3] While Goodwin involved only the determination of an offender score and not the characterization of a prior conviction as a predicate strike offense, this distinction is not material. A conviction for purposes of implementing the POAA must also be a conviction used to calculate the defendant's offender score. Cruz, 139 Wash.2d at 187, 985 P.2d 384.
[4] Now RCW 9.94A.441.
[5] As noted, the State was aware of the 1985 Kansas conviction, as shown by the WASIS and NCIC printout the State provided to the defense as discovery prior to the 1998 sentencing.
[6] Although CrR 7.8(b)(5) permits a judgment to be vacated for "[a]ny other reason justifying relief," a vacation under this section is limited to extraordinary circumstances not otherwise covered by the rule. State v. Brand, 120 Wash.2d 365, 369, 842 P.2d 470 (1992). CrR 7.8(b)(5) does not apply when the circumstances offered for vacation existed at the time the judgment was entered. State v. Zavala-Reynoso, 127 Wash. App. 119, 123, 110 P.3d 827 (2005). As explained, the State knew or should have known of a 1985 Kansas felony conviction prior to sentencing.