IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 31389-1-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CARL KEITH MATHENY, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

BROWN, J. — Carl K. Matheny appeals his convictions for attempting to elude a pursuing police vehicle and second degree driving while license suspended or revoked. Mr. Matheny contends (1) he was denied effective assistance of counsel based on defense counsel's failure to offer a jury instruction regarding willfulness, and (2) the State failed to prove Mr. Matheny's 2006 convictions did not wash out. We affirm.

FACTS

Benton County Sheriff's Deputy Mike McDermott observed Mr. Matheny driving a motorcycle in Kennewick on August 5, 2012, around 1:25 a.m. The deputy was stopped at an intersection when Mr. Matheny turned in front of him almost striking the deputy's vehicle. Deputy McDermott was in a marked patrol car with reflective markings, lights, and siren. He activated his lights and siren, and attempted to stop Mr. Matheny, who

sped away from Deputy McDermott, reaching an estimated speed of 35 to 40 m.p.h. in a 25 m.p.h. zone. Mr. Matheny failed to stop at two stop signs and continued to increase his speed, accelerating to 75 to 80 m.p.h. in a residential area. Officers responding to Deputy McDermott's request for back up approached from the opposite direction, resulting in Mr. Matheny finally stopping his motorcycle.

The State charged Mr. Matheny with attempting to elude a pursuing police vehicle and second degree driving while license suspended or revoked.

During trial, Mr. Matheny testified he saw the officer coming into the intersection as he turned to go around the block. Mr. Matheny did not realize the officer had turned to follow him. He claims he could not hear the officer's siren due to the motorcycle's loud exhaust system and because he was wearing a helmet. The court instructed the jury of the elements of attempting to elude a police vehicle, but did not define the element of willfulness. The defense did not request such an instruction.

During deliberations, the jury questioned the fourth element of the to-convict instruction, which included the willfulness element: "In Instruction #8, element #4, does the phrase 'after being signalled' [sic] imply that both a sign (visual/audible) was sent by an officer and received by the defendent [sic]?" Clerk's Papers at 36. The trial court responded that the jury must read the instructions as a whole.

The jury found Mr. Matheny guilty as charged. At sentencing, Mr. Matheny's attorney stated, "We're not contesting the fact that the offender score is nine, for

2

purposes of moving forward." Report of Proceedings (RP) at 114. Based on an

offender score of 9, the court imposed a standard range sentence of 29 months.

ANALYSIS

A. Ineffective Assistance

Mr. Matheny contends he was denied effective assistance of counsel on the

eluding charge because his attorney failed to propose a jury instruction defining

"willfully," causing him prejudice.

The federal and state constitutions guarantee a defendant effective assistance of

counsel. U.S. CONST. amend. VI.; CONST. art. 1, § 22. To prove ineffective assistance

of counsel, the appellant must show that (1) counsel's performance was deficient, i.e.,

that the representation "fell below an objective standard of reasonableness based on

consideration of all the circumstances" and (2) that deficient performance prejudiced

him, i.e., "there is a reasonable probability that, except for counsel's unprofessional

errors, the result of the proceeding would have been different." *State v. McFarland*, 127

Wn.2d 322, 334-35, 899 P.2d 1251 (1995). We determine whether counsel was

competent based upon the entire trial record. *Id.* at 335. We need not address both

prongs of the ineffective assistance test if the defendant's showing on one prong is

insufficient. *Strickland v. Washington*, 466 U.S. 668, 697, 104 S. Ct. 2052, 80 L. Ed. 2d

674 (1984).

To prevail on an ineffective assistance of counsel claim for failure to propose a

jury instruction, Mr. Matheny must show that (1) had counsel requested the instruction,

the trial court likely would have given it, and (2) defense counsel's failure to request the instruction was not a legitimate tactical decision. *State v. Powell*, 150 Wn. App. 139, 154-55, 206 P.3d 703 (2009).

To convict a person of eluding a police vehicle, the State must prove that a driver "willfully fails or refuses to immediately bring his or her vehicle to a stop and who drives his or her vehicle in a reckless manner while attempting to elude a pursuing police vehicle." RCW 46.61.024(1).

Defense attorneys often decide not to propose definitional jury instructions because they assume the common understanding of a term will be in their client's favor. *See State v. Pottorff*, 138 Wn. App. 343, 349-50, 156 P.3d 955 (2007) ("The ordinary use of the term 'necessary' is less complicated than the statutory definition. It is possible defense counsel thought it would be easier for the jury to find Mr. Pottorff's actions were necessary without the legal definition. This tactical decision does not amount to deficient performance."). "Willfully" has many possible definitions. In the common law, it was often used as a standard higher than knowledge. *Estate of Kissinger v. Hoge*, 142 Wn. App. 76, 80, 173 P.3d 956 (2007). Mr. Matheny's attorney may have believed it was better to gamble that the jury would use a commonplace definition, rather than affixing the legal standard. Accordingly, we cannot conclude his attorney's decision was not a legitimate trial tactic.

4

Because Mr. Matheny has not demonstrated that counsel was deficient in not offering a jury instruction defining "willfully," we do not address prejudice. Mr. Matheny fails to show he was denied effective assistance of counsel.

## B. Offender Score

The issue is whether the sentencing court erred in imposing a standard range sentence based on an offender score of nine. For the first time on appeal, Mr. Matheny contends two convictions from 2006 washed out and, thus, should not have been included in his offender score.

The law is well-settled that generally a defendant cannot appeal a standard range sentence. RCW 9.94A.585(1); *State v. Williams*, 149 Wn.2d 143, 146, 65 P.3d 1214 (2003). Nevertheless, a defendant can appeal a standard range sentence if the sentencing court failed to follow proper procedures, including offender score calculation procedures. *State v. Autrey*, 136 Wn. App. 460, 469, 150 P.3d 580 (2006). A sentencing court's offender score calculation is reviewed de novo. *State v. Wilson*, 113 Wn. App. 122, 136, 52 P.3d 545 (2002).

In establishing the defendant's criminal history for sentencing purposes, the State must prove by a preponderance of the evidence that a prior conviction exists. *State v. Ammons*, 105 Wn.2d 175, 186, 713 P.2d 719 (1986). But, the trial court may rely on a defendant's stipulation or acknowledgment of prior convictions without further proof. *In re Pers. Restraint of Cadwallader*, 155 Wn.2d 867, 873-74, 123 P.3d 456 (2005).

Under RCW 9.94A.525(2)(c), "class C prior felony convictions other than sex offenses shall not be included in the offender score if, since the last date of release from confinement . . . the offender had spent five consecutive years in the community without committing any crime that subsequently results in a conviction."

Mr. Matheny was sentenced in 2006 to two class C felonies. He argues the State failed to prove these felonies have not washed out; thus, the court erred by including them in his offender score. But, Mr. Matheny relieved the State's burden to prove the existence of those convictions by agreeing to his criminal history and offender score calculation.

When a defendant affirmatively acknowledges at the sentencing hearing that the State's criminal history and offender score calculations were correct, this affirmative acknowledgement satisfies the Sentencing Reform Act of 1981 requirements, chapter 9.94A RCW, no further proof of these convictions is required. *State v. Bergstrom*, 162 Wn.2d 87, 94, 169 P.3d 816 (2007); *see also State v. Ross*, 152 Wn.2d 220, 233, 95 P.3d 1225 (2004) (citing *State v. Ford*, 137 Wn.2d 472, 482-83, 973 P.2d 452 (1999)).

The *Bergstrom* court stated, "[I]f the State alleges the existence of prior convictions and the defense not only fails to specifically object but agrees with the State's depiction of the defendant's criminal history, then the defendant waives the right to challenge the criminal history after sentence is imposed." *Id.* at 94. Sentencing courts can rely on defense acknowledgment of prior convictions without further proof. *In re Pers. Restraint of Cadwallader*, 155 Wn.2d at 873.

6

No. 31389-1-III
*State v. Matheny*

During the sentencing hearing, Mr. Matheny's attorney agreed with the offender score as calculated: "We're not contesting the fact that the offender score is nine, for purposes of moving forward." RP at 114. Mr. Matheny signed an acknowledgement of the criminal history and the points calculation, admitting that his offender score was nine. Neither Mr. Matheny nor his attorney challenged the inclusion of any of the crimes listed in Mr. Matheny's criminal history or offender score. Under *Bergstrom*, Mr. Matheny waived the right to challenge his criminal history. Thus, the court did not err in imposing a standard range sentence based on an offender score of nine.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Brown, J.

WE CONCUR:

Korsmo, J.

Lawrence-Berrey, J.

7