# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  52794-4-II |
| Respondent. | |
| v. | |
| ROY DONALD STEEN, | UNPUBLISHED OPINION |
| Appellant. | |

CRUSER, J.  —  Roy D. Steen appeals his judgment and sentence, arguing that (1) the State failed to prove his criminal history by a preponderance of the evidence and the trial court erred in relying on this evidence when it calculated his offender score and (2) the interest accrual provision in his legal financial obligation (LFO) portion of his sentence is no longer authorized.

The State concedes both errors, and it agrees that the case should be remanded for resentencing to establish sufficient evidence of Steen's criminal history and to strike the interest accrual provision for his nonrestitution LFOs.

In a statement of additional grounds (SAG), Steen challenges his termination from the drug court program, arguing that the termination was predicated on a driving under the influence (DUI) charge for which he was never convicted and that he had complied with other conditions of his

drug court agreement. He also reasserts the challenge to the trial court's determination of his offender score.

We reverse Steen's sentence and remand for resentencing so that the State may prove Steen's criminal history by a preponderance of the evidence. We further instruct the trial court to strike the interest accrual provision as to the nonrestitution LFOs. With regard to Steen's SAG, we affirm Steen's conviction following the stipulated facts trial because the trial court did not abuse its discretion in terminating him from the drug court program.

FACTS

In 2014, Steen was charged with one count of first degree trafficking in stolen property and one count of second degree theft. Steen then entered into a drug court agreement, which, if successfully completed, would have required the State to dismiss the charges against him. However, if Steen failed to successfully complete the program, the agreement provided that he would be entitled to a bench trial on stipulated facts.

Steen agreed to abide by a set of conditions as a participant in the drug court program, including attending regular review hearings in drug court, keeping the drug court and the treatment provider apprised of his current address at all times, and refraining from using and possessing alcohol and nonprescribed drugs, among others. The drug court agreement also provided that a DUI charge after admission into the program is grounds for automatic termination. Steen acknowledged that a violation of any term of the agreement could result in his termination from the program.

After participating in the program for approximately one and a half years, Steen was charged with a DUI on December 23, 2015. Steen then failed to appear at a drug court review

hearing on January 11, 2016, which caused the drug court to issue a bench warrant. For the three years that followed, Steen appeared to have absconded from the drug court program.

In October 2018, the State moved to terminate Steen from drug court for failing to comply with the conditions of his agreement. The State argued that it sought termination due to Steen's extended absence from the court and other evidence of noncompliance with the program, as well as the DUI charge, which was still pending as of the termination hearing. The treatment provider told the trial court that discharge from the program was appropriate regardless of the outcome of the DUI case because Steen was "on warrant status" for 995 days. 1 Verbatim Report of Proceedings (VRP) at 6.[1]

The trial court agreed that Steen violated the terms of his drug court agreement primarily due to Steen's three-year absence from the program. The trial court determined that termination was appropriate. Steen was tried in a stipulated facts trial and was found guilty of the underlying offenses.

At the sentencing hearing, the State presented a purported stipulation on prior record and offender score, which contained a list of what the State believed were Steen's prior convictions. The State's calculation resulted in a nine-point offender score. Steen had not signed nor previously agreed to the stipulation. No other evidence was submitted to the trial court regarding Steen's prior record.

---

[1] In the VRP, there appears to have been a transcription error because the trial court asked "Treatment" whether it had anything to add regarding Steen's termination, and Treatment responded. 1 VRP at 6. However, the transcript designates the speaker as "FEDEFENSE [sic] COUNSEL." Given the context of the statement, it is clear that Treatment was speaking and not Steen's defense counsel.

Steen objected to the State's calculation of his offender score at the sentencing hearing. He specifically contested the inclusion of a 2009 conviction in Shasta County, California, without which, Steen asserted, several of his class C felonies would wash out. Both Steen and his counsel declined to sign the State's stipulation on prior record and offender score because the stipulation contained a statement that Steen agreed that none of his prior convictions would wash.

The State responded that it based its list of prior convictions on information gathered from the Washington State Patrol and from the National Crime Information Center (NCIC) and asked, "Would the Court like the State try [sic] to prove that up?" *Id.* at 19. The trial court responded that "there's been no evidence proffered to dispute the actual record as we have it here today. . . . [T]he Court is satisfied with the material that I've received to date that that is a legitimate conviction, and he can preserve it for appeal." *Id.*

The court imposed a confinement term of 84 months, the high end of the standard range for an individual with an offender score of 9. The trial court found Steen indigent and waived all discretionary fees but imposed $120 in restitution and the mandatory $500 crime victim penalty assessment. Steen's judgment and sentence contains a boilerplate provision, which provides that he must also pay interest under RCW 10.82.090.

## DISCUSSION

### I. PROOF OF CRIMINAL HISTORY

Both Steen and the State agree that the summary of Steen's criminal record created by the State and presented to the trial court at sentencing was an insufficient basis on which to calculate Steen's offender score, relying on *State v. Hunley*, 175 Wn.2d 901, 915, 287 P.3d 584 (2012). We agree.

In *Hunley*, during sentencing, the State presented an unsworn summary detailing the State's understanding of the defendant's criminal history. *Id.* at 905. The prosecutor's summary did not contain any other documentation or evidence related to the offenses listed within. *Id.* The trial court calculated the defendant's offender score based solely on the prosecutor's summary and sentenced the defendant to the high end of the corresponding standard range sentence. *Id.*

The Supreme Court reversed and held that imposing a sentence relying exclusively on the prosecutor's "bare assertions or allegations of prior convictions" violates a criminal defendant's rights to due process. *Id.* at 915. Whether the prosecutor's bare assertions are asserted orally or contained in a writing is of no effect. *Id.* The State alone bears the burden of proving a defendant's criminal history by a preponderance of the evidence. *Id.* at 909-10. This includes the burden of proving the existence of prior convictions for determining an offender score. *In re Pers. Restraint of Cadwallader*, 155 Wn.2d 867, 876, 123 P.3d 456 (2005).[2]

Except when convicted pursuant to a plea agreement, a defendant bears no burden in establishing criminal history. *State v. Lopez*, 147 Wn.2d 515, 521, 55 P.3d 609 (2002), *abrogated by In re Pers. Restraint of Adolph*, 170 Wn.2d 556, 243 P.3d 540 (2010). Nor does a defendant's failure to object to the State's summary constitute acknowledgment thereof. *Hunley*, 175 Wn.2d at 915. Likewise, a criminal defendant is not under an obligation to prove lack of comparability for convictions that occurred outside Washington State, nor is a criminal defendant obligated to prove that prior convictions washed out. *Cadwallader*, 155 Wn.2d at 876-77 (holding that the

---

[2] *Cadwallader* has been abrogated by the legislature's 2008 amendments to the Sentencing Reform Act of 1981, ch. 9.94A RCW, only as to its holding that the State is not permitted to present new evidence of a defendant's prior convictions on remand. *State v. Jones*, 182 Wn.2d 1, 7-8, 338 P.3d 278 (2014) (quoting LAWS OF 2008, ch. 231, § 1). The rule that "the State must produce evidence: it cannot rely on presumptions or the defendant's silence" remains in effect. *Id.* at 10.

State, and not the defendant, was required to provide evidence of an interrupting conviction from Kansas that would have prevented an earlier conviction from washing out). Instead, the State has the burden of proving that prior convictions have *not* washed out. *Id.*

To satisfy its obligations under the constitution, the State is compelled to present "at least some evidence of the alleged convictions." *Hunley*, 175 Wn.2d at 915. The "'best evidence'" is a certified copy of the judgment. *Id.* at 910 (quoting *State v. Ford*, 137 Wn.2d 472, 480, 973 P.2d 452 (1999)). However, a prior conviction may also be established by "'other comparable documents of record or transcripts of prior proceedings'" or a case history from the District and Municipal Court Information System. *Id.* (quoting *Ford*, 137 Wn.2d at 480).

Here, like in *Hunley*, the State presented no evidence of Steen's criminal history beyond the State's "Stipulation on Prior Record and Offender Score." *See id.* at 905. Steen had not previously agreed to the State's proposed stipulation, and he expressly objected to the State's summary below, and in particular to the inclusion of the 2009 Shasta County conviction. He argued that without this conviction, some of his class C felonies should wash out.

Though the State mentioned that it obtained its information regarding Steen's criminal history from the Washington State Patrol and NCIC, it did not provide, nor did the trial court require it to provide, any documentation or other evidence from those sources. Therefore, the trial court violated Steen's right to due process in suggesting that the State's evidence was sufficient because "there's been no evidence proffered to dispute the actual record as we have it here today." 1 VRP at 19. This statement reflects "'an unconstitutional shifting of the burden of proof to the defendant.'" *Hunley*, 175 Wn.2d at 912 (emphasis omitted) (quoting *Ford*, 137 Wn.2d at 482).

Accordingly, the State's stipulation was insufficient to prove Steen's convictions by a preponderance of the evidence.

## II. INTEREST ACCRUAL PROVISION

Both Steen and the State agree that the interest accrual provision in Steen's judgment and sentence for his nonrestitution LFO is no longer permissible under RCW 10.82.090. We agree. On remand, the trial court is instructed to strike this provision from Steen's judgment and sentence.

## III. STATEMENT OF ADDITIONAL GROUNDS FOR REVIEW

Pursuant to RAP 10.10, a defendant may submit a SAG for review. We will consider only arguments that do not repeat those asserted in the briefing. RAP 10.10(a). In addition, we will not consider an issue raised in a SAG if it does not inform us of the nature and occurrence of the alleged error. RAP 10.10(c); *State v. Alvarado*, 164 Wn.2d 556, 569, 192 P.3d 345 (2008).

Steen challenges his termination from the drug court program, arguing that the termination was predicated on a DUI charge for which he was never convicted and that he had complied with other conditions of his drug court agreement. Steen further asserts that he has engaged in otherwise law-abiding conduct and has remained sober for three years prior to his termination from drug court and that he had remained in contact with his treatment counselor through the mail. Steen also states that some of his felony convictions should have washed out because the 2009 conviction from Shasta County, California was improperly included.

We decline to separately consider Steen's claim regarding the Shasta County conviction because we discuss that claim above and it need not be separately resolved. RAP 10.10(a).

Regarding Steen's claim that the trial court erred in removing him from the drug court program, Steen does not describe any trial court error beyond a general statement that he believed

7

he would get due process and be reinstated in the program but, instead, he was terminated. We interpret this to be a claim that the trial court abused its discretion in removing Steen from the drug court program.

The trial court's role in deciding whether to terminate a participant from drug court is analogous to its role in "evaluating alleged probation violations." *State v. Cassill-Skilton*, 122 Wn. App. 652, 658, 94 P.3d 407 (2004). "The decision to grant probation or revoke a suspended sentence is within the sound discretion of the trial court." *City of Aberdeen v. Regan*, 170 Wn.2d 103, 108, 239 P.3d 1102 (2010). A trial court abuses its discretion if its decision is manifestly unreasonable or if it is based on untenable grounds. *State v. McCarthy*, 193 Wn.2d 792, 803, 446 P.3d 167 (2019).

Steen fails to show an abuse of discretion. Though the DUI was pending during Steen's termination hearing, the agreement expressly states that "[a] *charge* of DUI after admission will result in automatic termination from the Drug Court Program." Clerk's Papers at 11 (emphasis added). The fact that Steen had not been convicted of DUI does not preclude his termination from the program where the agreement states that termination will occur automatically when he is charged with DUI.

Steen's remaining allegations, including that he maintained communication with his counselor and that he engaged in otherwise law-abiding behavior for the three years prior to his termination are outside the record. Even if true, Steen failed to appear for court and was on warrant status for three years. The trial court terminated Steen primarily due to his extended absence from the program. This was a sufficient basis on which to terminate Steen and there was no abuse of discretion.

CONCLUSION

The State failed to satisfy its burden of proving Steen's criminal history by a preponderance of the evidence when it presented only a summary of Steen's prior convictions with no other corroborating evidence. The trial court erred when it determined that such evidence was sufficient for its offender score calculation. In addition, the boilerplate interest accrual provision in Steen's judgment and sentence is no longer applicable to his nonrestitution LFOs under RCW 10.82.090(1). Accordingly, we reverse Steen's sentence and remand for resentencing. We further hold that the trial court did not abuse its discretion when it terminated Steen from the drug court program and affirm his conviction following the stipulated facts hearing.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

CRUSER, J.

We concur:

WORSWICK, P.J.

SUTTON, J.