55 P.3d 609 (2002)
147 Wash.2d 515
STATE of Washington, Petitioner,
v.
Sylvester C. LOPEZ, Sr., Respondent.
No. 71606-4.
Supreme Court of Washington, En Banc.
Argued May 14, 2002.
Decided October 10, 2002.
*610 James L. Nagle, Walla Walla County Prosecutor, Joseph Golden, Deputy County Prosecutor, for Petitioner.
Winston & Cashatt, Carl Hueber, Spokane, for Respondent.
Russell Leonard, Amicus Curiae on Behalf of Washington Association of Criminal Defense Lawyers, Seattle.
SANDERS, J.
State v. Lopez, 107 Wash.App. 270, 27 P.3d 237 (2001) vacated Respondent Lopez's lifelong persistent offender sentence because the state failed to establish the necessary predicate convictions with satisfactory evidence. The Court of Appeals remanded for sentencing on the existing record. We affirm.

FACTS
Sylvester Lopez was charged with four counts of first degree assault with a firearm and one count of unlawful possession of a firearm in the first degree. On direct examination Lopez admitted a previous conviction for first degree burglary. Verbatim Report of Proceedings (RP) at 318. A jury found Lopez guilty of two counts of first degree assault, two counts of the lesser-included offense of second degree assault, and one count of unlawful possession of a firearm in the first degree.
At sentencing the prosecution asked the court to impose a life sentence without the possibility of parole under the Persistent Offender Accountability Act (POAA), former RCW 9.94A.120(4) (2000), yet failed to provide evidence of Lopez's prior convictions. Lopez objected:
[I]n order to impose the life sentence the Court has got before it, ... we need to have the prior offenses ... proved by a preponderance of the evidence, which would require ... two separate judgments and sentences for two separate incidents prior to that date that are serious offenses.
RP at 408-09. When asked to respond, the prosecution replied:
I don't, your Honor. I don't know if thatI guess that's a challenge that probably should have been brought up earlier. We can provide copies of the judgments and sentences in both cases. I don't have them with me right now.
Id. at 409, 27 P.3d 237. The judge declined to accept the prosecutor's offer:
Well, I don'tI am not aware of any procedure that requires that. I'm going to go ahead and proceed with sentencing today. Assuming that an appeal is filed in the case, if it becomes apparent during the processing of that appeal that procedurally we have omitted a step, we can revisit that and correct it if that is necessary....
Id. at 409-10, 27 P.3d 237. The judge sentenced Lopez to life without parole. Id. at 412, 27 P.3d 237.
Lopez appealed his conviction and life sentence, alleging (1) ineffective assistance of counsel; (2) violation of his due process right to be adequately notified that he was facing a life sentence; and (3) the imposition of his sentence as a persistent offender without competent proof of prior convictions. The Court of Appeals granted Lopez's ineffective assistance of counsel claim in part and vacated his conviction for unlawful possession of a firearm. Lopez, 107 Wash.App. at 273, 27 P.3d 237. It did not reach Lopez's due process claim, overturned the persistent offender finding, and remanded for sentencing before a different judge on the existing record. Id. at 280, 27 P.3d 237.
The state petitioned for discretionary review on the sole issue of whether the Court of Appeals erred when it remanded for sentencing without providing the state an opportunity to present evidence of Lopez's prior convictions on remand. State's Pet. for Review at 2, 5. We granted review on this issue.

ANALYSIS
Former RCW 9.94A.110(1) (2000) requires the court to conduct a sentencing hearing before imposing a sentence. "In determining any sentence, the trial court may rely on no more information than is admitted by the plea agreement, or admitted, acknowledged, *611 or proved in a trial or at the time of sentencing." Former RCW 9.94A.370(2) (1999). Unless the defendant is convicted pursuant to a plea agreement, he or she is not required to disclose any prior convictions. State v. Ammons, 105 Wash.2d 175, 183, 713 P.2d 719; 718 P.2d 796 (1986) (citing former RCW 9.94A.100 (1981)). The state must prove a defendant's criminal history by a preponderance of the evidence. Former RCW 9.94A.110(1).
"The best evidence of a prior conviction is a certified copy of the judgment." State v. Ford, 137 Wash.2d 472, 480, 973 P.2d 452 (1999). The state may introduce other comparable evidence only if it is shown that the writing is unavailable for some reason other than the serious fault of the proponent. State v. Fricks, 91 Wash.2d 391, 397, 588 P.2d 1328 (1979).
Here, Lopez admitted to a prior conviction for first degree burglary. Thus, the sentencing court properly considered this conviction for the purposes of determining Lopez's sentence. Former RCW 9.94A.370(2). However, the state also alleged prior convictions for delivery of controlled substances and second degree assault,[1] but failed to provide any supporting evidence. Clerk's Papers at 192. Thus, the sentencing court erred when it considered these unproved convictions. The state concedes as much, but argues it should be entitled to submit evidence of Lopez's prior convictions on remand because Lopez did not provide a specific objection. Pet. for Review at 1, 4.
However, a remand for an evidentiary hearing is only appropriate when the defendant has failed to specifically object to the state's evidence of the existence or classification of a prior conviction.[2]State v. Ford, 137 Wash.2d 472, 485, 973 P.2d 452 (1999); State v. McCorkle, 88 Wash.App. 485, 499, 945 P.2d 736 (1997), aff'd 137 Wash.2d 490, 973 P.2d 461 (1999). Where the defendant raises a specific objection and "the disputed issues have been fully argued to the sentencing court, we ... hold the State to the existing record, excise the unlawful portion of the sentence, and remand for resentencing without allowing further evidence to be adduced." Ford, 137 Wash.2d at 485, 973 P.2d 452.
We require a specific objection to offer the trial court the opportunity to correct the error. Spinelli v. Economy Stations, Inc., 71 Wash.2d 503, 508, 429 P.2d 240 (1967). From this record it is apparent both the prosecution and the sentencing court were laboring on the false assumption the defendant was required to provide an accurate statement of his criminal history.[3]See *612 RP at 408-10, quoted supra at 610. Even now the state complains Lopez's objection was not specific because he did not contest the existence of any of the convictions alleged in the prosecution's proposed judgment or their characterization either as felonies or as violent offenses for the purposes of the POAA. Pet. for Review at 7.
But this was not Lopez's obligation. Lopez did not enter a plea agreement. He had no obligation to present the court with evidence of his criminal history. Ammons, 105 Wash.2d at 183, 713 P.2d 719. Lopez objected to the court's imposition of a life sentence absent proof of a prior offense by a preponderance of the evidence. His objection was sufficient to notify the sentencing court of its obligation to demand evidence of the prior convictions alleged by the state. Thus, the Court of Appeals correctly remanded for sentencing on the existing record.
Notwithstanding Lopez's specific objection, the state contends the mandatory character of the POAA requires it be granted a second opportunity to prove Lopez's prior convictions on remand. State's Pet. for Review at 5-6. The state argues our decision in State v. James consolidated on appeal with State v. Morley, 134 Wash.2d 588, 952 P.2d 167 (1998) and former RCW 9.94A.080(6) (1995), recodified by Laws of 2001, ch. 10, § 6, require such result.
However, neither former RCW 9.94A.080(6) nor James applies here. James involved the limited issue of whether the sentencing court had the authority to bar the prosecution from seeking a life sentence without the possibility of parole under the POAA; where at the time the defendant entered into a plea agreement, the prosecution was unaware of the defendant's prior military conviction and the defendant reasonably but erroneously believed it would not count as a prior offense for the purposes of the POAA. Morley, 134 Wash.2d at 620-21, 952 P.2d 167. James does not remove the state's statutory obligation to prove the defendant's prior convictions by a preponderance of the evidence for the purposes of the POAA. See State v. Thorne, 129 Wash.2d 736, 781, 921 P.2d 514 (1996). Nor does it eliminate the state's statutory obligation to provide proof of the defendant's alleged prior convictions at the sentencing hearing. Ford, 137 Wash.2d at 480, 973 P.2d 452. As emphasized in Ford, it would be "`inconsistent with the principles underlying our system of justice to sentence a person on the basis of crimes that the State either could not or chose not to prove.'" Id. (quoting In re Pers. Restraint of Williams, 111 Wash.2d 353, 357, 759 P.2d 436 (1988)).
Similarly, the state's reliance on former RCW 9.94A.080(6), is equally misplaced. Former RCW 9.94A.080(6) limits the prosecution's authority to negotiate a plea agreement with a defendant whose criminal history mandates a life sentence under the POAA. Lopez did not plead guilty pursuant to a plea bargain. Thus, that statute has no bearing.
Finally, the state argues it offered to provide copies of Lopez's judgments and sentences and should not be penalized for the sentencing court's error in proceeding without them. State's Pet. for Review at 4-5. But the record reveals although the state argued Lopez was a persistent offender at the sentencing hearing, it was nevertheless completely unprepared to prove his prior offenses. "The State does not meet its burden through bare assertions, unsupported by evidence." Ford, 137 Wash.2d at 482, 973 P.2d 452. "To uphold procedurally defective sentencing hearings would send the wrong *613 message to trial courts, criminal defendants, and the public." Id. at 484, 973 P.2d 452. Allowing the state a second opportunity to prove its allegations of Lopez's criminal history would send an equally wrong message.
The Court of Appeals is affirmed and the case is remanded to a different trial court judge for resentencing consistent with this opinion.
WE CONCUR: ALEXANDER, C.J., SMITH, JOHNSON, CHAMBERS, OWENS, JJ.
MADSEN, J. (dissenting).
The majority holds that the State cannot offer evidence of prior convictions on remand for resentencing in this case. The majority's decision penalizes the State for the sentencing court's error in overruling an objection to use of unproved criminal history in sentencing. The authority on which the majority relies does not require this unreasonable result. I would reverse the Court of Appeals and direct that on remand for resentencing the State be given the opportunity to prove the prior convictions. Accordingly, I dissent.
There is no question that the life sentence imposed on Mr. Lopez under the Persistent Offender Accountability Act must be reversed because the State did not prove the necessary prior convictions by a preponderance of the evidence. However, under the particular circumstances of this case, the State should not be penalized for this failure. The defendant's objection was
that in order to impose the life sentence the Court has got before it, that we need to have the prior offenses ... proved by a preponderance of the evidence, which would require that we do have two separate judgments and sentences for two separate incidents ... that are serious offenses.
Verbatim Report of Proceedings (RP) at 408-09. It is clear that the defendant was not disputing material facts that would have required an evidentiary hearing. See former RCW 9.94A.370(2) (2000). Instead, defendant was objecting to the use of former convictions without proof by a preponderance of the evidence.[1]
As the majority states, the prosecution and the sentencing court appear to have misunderstood the nature of Mr. Lopez's objection. However, the misunderstanding is not as the majority characterizes it. The sentencing judge asked the deputy prosecutor if he had any "response to the indication that the prior convictions need to be somehow separated out or set forth in a separate hearing?" RP at 409 (emphasis added). The deputy prosecutor commented that he thought this was a challenge that should have been brought up earlier. Id. The judge then said, "I am not aware of any procedure that requires that. I'm going to go ahead and proceed with sentencing today." Id. at 409-10.
Thus, the sentencing judge appears to have believed that the defendant was asking for an evidentiary hearing. And, even if the court additionally misunderstood the State's burden of proof, the record is clear that neither the court nor the deputy prosecutor thought that Mr. Lopez had to provide an accurate statement of his criminal history, contrary to the majority's view of what transpired. See majority at 611.
In any event, the court overruled the defense objection and proceeded to sentence Mr. Lopez. As the majority correctly states, the trial court erred when it considered unproved convictions, majority at 611. The majority incorrectly holds, however, that even though it was the sentencing court's error that resulted in an unlawful sentence, the State will not be permitted to prove the prior convictions on remand because the State was not prepared at the sentencing proceeding to prove the prior convictions. Majority at 612.
*614 This is a remarkable conclusion. It is true that in the colloquy between the court and counsel, the deputy prosecutor said that "We can provide copies of the judgments and sentences in both cases. I don't have them with me right now." RP at 409. However, in light of the court's ruling on the defense motion and the court's statement that producing the documents was unnecessary, the State simply was not in a position to ignore the court's ruling. See State v. Pacheco, 107 Wash.2d 59, 67, 726 P.2d 981 (1986) (trial judge has the power to control the courtroom consistent with the ends of justice). It is therefore inappropriate to rely on the deputy prosecutor's comments as a failure of proof. Rather than speculating about whether the prosecution could have met its burden of proof if the court had sustained the objection, this court should acknowledge that the sentencing court's ruling meant that the State was never put to its burden of proof.
In concluding that the State would not have met its burden of proof, the majority essentially assumes the outcome had the sentencing court sustained the defendant's objection. However, if the court had sustained the defendant's objection, it is more likely that the State would have asked for and obtained a short continuance to gather its proof. The decision whether to grant a continuance is within the exercise of the sentencing court's discretion. State v. Herzog, 69 Wash.App. 521, 524-25, 849 P.2d 1235 (1993) (motion for continuance of sentencing hearing within trial court's discretion); cf. State v. Ford, 125 Wash.2d 919, 926, 891 P.2d 712 (1995) (motion for continuance of arraignment within trial court's discretion). Here, we do not know how that discretion would have been exercised if the State had moved for a continuance because there was no need for such a motion. However, rather than the majority's assumption, it is more probable that the court would have granted a continuance and the prosecution would have satisfied its burden of proof by producing the judgments and sentences, given the court's willingness to proceed without them.
I do not suggest that a continuance is the preferred course. Clearly, the State should come prepared to meet its burden of proof. Nevertheless, I would not usurp the sentencing court's authority to consider a possible motion for a continuance in circumstances like these.[2]
In addition, cases relied on by the majority do not dictate its result.[3] In State v. Ford, 137 Wash.2d 472, 973 P.2d 452 (1999), the primary issue was whether the defendant could challenge his sentence on appeal when he failed to specifically object at trial to classification of out-of-state convictions as felonies for purposes of calculating his offender score. During the sentencing hearing, the State asserted that the convictions would be classified as felonies under Washington law, but provided no evidence supporting the assertions. Ford, 137 Wash.2d at 475, 973 P.2d 452. This court held that the defendant could challenge for the first time on appeal the use of the out-of-state convictions. On the merits, the court concluded that given the lack of evidence as to classification, the sentence must be vacated. The court concluded, however, that on remand the State could seek the same sentence because the defendant had not specifically put the sentencing court on notice of the specific defects claimed. Id. at 476, 973 P.2d 452. This court reasoned that this result was required in order to discourage defendants from purposefully failing to raise defects at sentencing in hopes of reversal on appeal, leaving the State without any further opportunity to prove its case. Ford, 137 Wash.2d at 486, 973 P.2d 452.
The court in Ford observed in dicta that "[i]n the normal case, where the disputed issues have been fully argued to the sentencing *615 court, we would hold the State to the existing record, excise the unlawful portion of the sentence, and remand for resentencing without allowing further evidence to be adduced." Ford, 137 Wash.2d at 485, 973 P.2d 452 (citing State v. McCorkle, 88 Wash.App. 485, 500, 945 P.2d 736 (1997), aff'd, 137 Wash.2d 490, 973 P.2d 461 (1999)).
Ford did not involve, much less consider, a case like this one where the sentencing court overruled a specific objection by the defendant. Nor does it suggest that the prosecution could not request a continuance in circumstances such as those in Mr. Lopez's case. It clearly does not control the outcome here.
In the second case, State v. McCorkle, 137 Wash.2d 490, 494, 973 P.2d 461 (1999),[4] the defendant objected at sentencing to use of out-of-state convictions offered by the State on the grounds that only convictions for which there was a certified judgment could be used and that any pre-1986 convictions had "washed out." McCorkle, 137 Wash.2d at 494, 973 P.2d 461. The sentencing court agreed with the State that the convictions could be used for purposes of calculating the defendant's offender score. Id. On appeal, the defendant contended for the first time that the State had failed to prove that the out-of-state convictions should be classified as felonies for purposes of calculating his offender score. The Court of Appeals held that the defendant had made only a general, rather than a specific objection, and that the failure to specifically object did not waive the issue on appeal. Id. That court then concluded that the evidence was insufficient to resolve the issue on appeal, and remanded for an evidentiary hearing and resentencing. McCorkle, 137 Wash.2d at 495, 973 P.2d 461.
On discretionary review, this court held that the defendant had made a specific objection because classification of the out-of-state convictions was necessary before considering whether they "wash out." McCorkle, 137 Wash.2d at 496, 973 P.2d 461. The court then said, as it did in Ford, that where the prosecution fails to satisfy its burden of proof at the sentencing hearing after a specific objection, it will not be permitted a further opportunity to do so. Id. at 496-97, 973 P.2d 461. However, because the defendant failed to cross-appeal the Court of Appeals' holding that remand for an evidentiary hearing and resentencing was required, this court affirmed that holding. McCorkle, 137 Wash.2d at 497, 973 P.2d 461.
Because of the defendant's failure to cross-appeal, this court never considered in McCorkle the effect of the trial court's failure to sustain the defendant's objection. Significantly, this court did not address the question whether the State would be obliged to proceed to make its case despite a court ruling to the contrary. And, as in Ford, the court did not discuss the possibility of a motion for a continuance in the event the sentencing court sustains a specific objection. Moreover, McCorkle involved a dispute about material facts, i.e., the classification of the out-of-state convictions. In contrast, Mr. Lopez raised no factual disputes about the existence or nature of the convictions.
Unlike the majority, I would not require the State to make an offer of proof in view of the trial court's ruling. Nor would I penalize the State on the assumption that the State would have foregone a motion for a continuance and the sentencing court would have denied such a motion if made.
For the reasons stated, I dissent.
IRELAND and BRIDGE, JJ., concur.
NOTES
[1] While second degree assault counts as a "strike" for the purposes of a mandatory life sentence under the POAA, delivery of a controlled substance does not. Former RCW 9.94A.030(27), (31)(a) (2000).
[2] The dissent would carve out an exception to Ford when the trial court overrules the defendant's objection, claiming that to do otherwise unfairly penalizes the state. Dissent at 613-614. The only authority the dissent finds to support its position that the state should be granted a second opportunity to provide evidence it should have submitted at the sentencing hearing is State v. Pacheco, 107 Wash.2d 59, 726 P.2d 981 (1986). The dissent cites Pacheco for the general proposition that once the trial court has ruled on an objection, the state is in no position to "ignore the court's ruling." Dissent at 613-614. However, Pacheco merely upholds a trial court's authority "to control the courtroom consistent with the ends of justice," it does not apply here where the sentencing court's ruling eliminated the state's burden of proof. Id. at 67, 726 P.2d 981; State v. Ford, 137 Wash.2d 472, 479-80, 973 P.2d 452 (1999) ("[T]he use of a prior conviction as a basis for sentencing under the SRA is constitutionally permissible if the State proves the existence of the prior conviction by a preponderance of the evidence.").

Moreover the dissent mischaracterizes the proceeding before the sentencing court, implying the state was powerless to stop the sentencing court from entering a judgment without the necessary proof. Dissent at 3. But the record reveals the sentencing court invited the state to respond to Lopez's objection. Verbatim Report of Proceedings (RP) at 409. It did not prevent the state from presenting evidence of Lopez's prior offenses and did not rule on Lopez's objection until after it considered the state's errant contention that Lopez's objection was untimely. Id. at 409-10.
[3] Former RCW 9.94A.100 (1981) requires "[t]he prosecuting attorney and the defendant" to "provide the court with their understanding of ... the defendant's criminal history ... prior to a plea of guilty pursuant to a plea agreement." Any disputes about the defendant's history are to be resolved at the sentencing hearing. Id. The sentencing court may "rely on no more information than [was] admitted by the plea agreement, or admitted, acknowledged, or proved in a trial or at the time of sentencing." Former RCW 9.94A.370(2) (1999). Acknowledgment includes the failure to object to information stated in the presentence report. Id. "Where the defendant disputes material facts, the court must either not consider the fact or grant an evidentiary hearing on the point." Id.

In response to Lopez's objection to the imposition of a life sentence without proof of prior convictions, the state responded "that's a challenge that probably should have been brought up earlier." RP at 409. Moreover at oral argument the state initially argued Lopez had waived his right to object because he allegedly failed to object to the state's depiction of his criminal history in its presentence report. The state later retracted this argument when it became evident the state had never completed a presentence report for Lopez.
[1] As the majority correctly notes, the defendant admitted the prior conviction of first degree burglary, and thus this conviction was properly considered by the sentencing court. Therefore, although the defendant contended that two judgments and sentences were required to prove two prior serious offenses, the State actually failed to prove one additional serious violent offense, i.e., the alleged conviction for second degree assault, in order to establish that Lopez was a persistent offender.
[2] I note that the sentencing proceeding occurred May 11, 2000, following a May 1-3, 2000, trial, well within the time allowed for sentencing the defendant. See former RCW 9.94A.110 (2000).
[3] In each case, State v. Ford, 137 Wash.2d 472, 973 P.2d 452 (1999) and State v. McCorkle, 137 Wash.2d 490, 973 P.2d 461 (1999), the State failed to prove criminal history used for purposes of calculating the defendant's offender score. This case involves prior convictions used for purposes of sentencing the defendant as a persistent offender. The distinction is not material because in each type of case the State has the burden of proving the prior criminal convictions for purposes of sentencing.
[4] The majority relies on the Court of Appeals' opinion in the case, while I refer to this court's decision. The difference is not crucial for purposes here.