[No. 24864-0-III.   Division Three.   October 2, 2007.]

THE STATE OF WASHINGTON, *Appellant*, v. TUCERO ANTONIO KNIPPLING, *Respondent*.

52

*Steven J. Tucker, Prosecuting Attorney,* and *Kevin M. Korsmo, Deputy,* for appellant.

*Cece L. Glenn,* for respondent.

¶1 SCHULTHEIS, A.C.J. — Tucero Knippling was convicted of various counts of robbery and burglary. The State sought to sentence him under Washington's Persistent Offender Accountability Act (POAA) of the Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW. The judgment on one of the predicate convictions showed that Mr. Knippling was a juvenile at the time of the offense. But the State presented no evidence that juvenile jurisdiction was waived or declined. The trial judge concluded that the State failed to

prove a predicate offense and ordered a standard range sentence. On appeal, the State claims that Mr. Knippling was required to collaterally attack the judgment on the predicate offense. We disagree and affirm.

## FACTS

¶2 On August 4, 2005, Mr. Knippling was charged with 11 felony counts involving conspiracy to commit and/or principal or accomplice liability for various degrees of attempted or completed burglary and robbery and possession of stolen property. The charges arose from two residential break-ins and an attempted home break-in in Spokane County on April 19, 24, and 28 of that year.

¶3 The jury convicted Mr. Knippling on all but one charge, for a total of two counts of conspiracy to commit first degree burglary, two counts of first degree burglary, three counts of second degree robbery, two counts of conspiracy to commit second degree robbery, and one count of first degree possession of stolen property. The prosecution sought to have Mr. Knippling sentenced as a persistent offender, based on his convictions for a 1999 second degree robbery and a 2002 second degree assault.

¶4 Mr. Knippling resisted, contending that he was 16 years old at the time of the 1999 robbery conviction and the State must show that either he waived juvenile jurisdiction or the trial court ordered declination. The prosecutor argued that because declination was not something that could be determined from the face of the judgment and sentence, Mr. Knippling had to seek to set aside the 1999 conviction in a separate proceeding collaterally attacking the judgment.

¶5 After reviewing the 1999 file, the trial judge found that there was no written order or notation waiving or declining jurisdiction to adult court. The judge therefore concluded that the 1999 superior court should have remanded for declination or obtained a waiver and thus lacked jurisdiction to enter the judgment and sentence

without declination. Mr. Knippling was sentenced to concurrent standard range sentences on December 15, 2005.

¶6 The State appealed the sentence. On May 24, 2006, the trial judge entered a letter in the court file that set forth findings of fact and conclusions of law related to the sentencing.

## DISCUSSION

¶7 A standard range sentence is generally not appealable. RCW 9.94A.585(1); *State v. Garcia-Martinez*, 88 Wn. App. 322, 329, 944 P.2d 1104 (1997). But a standard range sentence can be appealed if the sentencing court failed to comply with procedural requirements of the SRA or constitutional requirements. *State v. Osman*, 157 Wn.2d 474, 481-82, 139 P.3d 334 (2006) (citing *State v. Mail*, 121 Wn.2d 707, 711-13, 854 P.2d 1042 (1993); *State v. Onefrey*, 119 Wn.2d 572, 574, 835 P.2d 213 (1992); *State v. Herzog*, 112 Wn.2d 419, 423, 771 P.2d 739 (1989); *State v. McNeair*, 88 Wn. App. 331, 336, 944 P.2d 1099 (1997)). Review of a trial court's calculation of the offender score and sentence under the POAA is de novo. *State v. Rivers*, 130 Wn. App. 689, 699, 128 P.3d 608 (2005), *review denied*, 158 Wn.2d 1008 (2006), *cert. denied*, 127 S. Ct. 1882 (2007).

¶8 Under the POAA, or the "three strikes law," trial courts are required to sentence "persistent offenders" to life in prison without possibility of parole. RCW 9.94A.570. An offender can be a "persistent offender" if he or she is convicted of any felony considered a "most serious offense" and has been twice previously convicted of such offenses or equivalent offenses in other states. Former RCW 9.94A-.030(28), (32)(a) (2003).

¶9 The SRA requires the trial court to conduct a sentencing hearing. RCW 9.94A.500(1). The trial court must decide by a preponderance of the evidence whether a defendant has a criminal history and specify the convictions it has found to exist. *State v. Thorne*, 129 Wn.2d 736, 781, 921 P.2d 514 (1996). "Sentencing under the persistent

offender section of the SRA raises two questions of fact, 'whether certain kinds of prior convictions exist and whether the defendant was the subject of those convictions.'" *State v. Lopez*, 107 Wn. App. 270, 278, 27 P.3d 237 (2001) (quoting *Thorne*, 129 Wn.2d at 783), *aff'd*, 147 Wn.2d 515, 55 P.3d 609 (2002).

¶10 The State bears the burden of proving that the predicate convictions exist for the purpose of a POAA sentence. *Lopez*, 147 Wn.2d at 519; *see* RCW 9.94A.500(1). This burden is on the State "because it is 'inconsistent with the principles underlying our system of justice to sentence a person on the basis of crimes that the State either could not or chose not to prove.'" *State v. Ford*, 137 Wn.2d 472, 480, 973 P.2d 452 (1999) (quoting *In re Pers. Restraint of Williams*, 111 Wn.2d 353, 357, 759 P.2d 436 (1988)). Here, the State simply failed to meet its burden.

¶11 A defendant is not required at sentencing to challenge the predicate convictions that the State presented and used to calculate his offender score. Rather, a defendant is free to challenge an erroneous sentence based on a miscalculated offender score at any time. *In re Pers. Restraint of Cadwallader*, 155 Wn.2d 867, 874-75, 123 P.3d 456 (2005). When a defendant does not challenge the State's representation of his prior convictions at sentencing and instead challenges his offender score for the first time on appeal, we generally remand for an evidentiary hearing. *Ford*, 137 Wn.2d at 485.

¶12 "[A] remand for an evidentiary hearing is appropriate only when the defendant has failed to specifically object to the State's evidence of the existence or classification of a prior conviction." *Lopez*, 147 Wn.2d at 520. But where, as here, "the defendant raises a specific objection and 'the disputed issues have been fully argued to the sentencing court, we . . . hold the State to the existing record.'"[1] *Id.* at

[1] The State argues that the trial court erred by entering findings of fact and conclusions of law after the State filed its appeal. Although the practice of submitting late findings is disfavored, entry of findings during the pendency of an

520 (alteration in original) (quoting *Ford*, 137 Wn.2d at 485).

¶13 The trial court here found there was no evidence in the 1999 record that a declination hearing occurred or that Mr. Knippling waived juvenile jurisdiction. The State essentially argues that the finding is not based on substantial evidence because the trial court did not review the hearing transcript. But the State does not argue that a declination or waiver did, in fact, occur.

¶14 A waiver of any right under the Juvenile Justice Act of 1977, chapter 13.40 RCW, must be an express waiver intelligently made by the juvenile after the juvenile has been fully informed of the right being waived. RCW 13.40-.140(9). Juvenile proceedings are required to be transcribed to ensure an accurate record. RCW 13.40.140(5). This is the responsibility of the court, not the juvenile. *State v. Golden*, 112 Wn. App. 68, 80, 47 P.3d 587 (2002). "When neither party contends a proceeding was held and nothing in the record suggests there was even any discussion of it, we may presume the proceeding did not take place." *Id.* Under the circumstances presented, the finding is supported by substantial evidence.

¶15 Importantly, Mr. Knippling briefed the sentencing issue in a memorandum filed on November 29, 2005, more than two weeks before the sentencing. The State maintained its position that it need not prove waiver or a declination order. Notably, the State did not seek to delay

appeal does not generally require reversal unless the delay was prejudicial or the findings have been altered to address issues raised by the appeal. *State v. Cannon*, 130 Wn.2d 313, 329-30, 922 P.2d 1293 (1996) (citing *State v. McGary*, 37 Wn. App. 856, 861, 683 P.2d 1125 (1984)). The State has the burden of proving prejudice. *State v. Head*, 136 Wn.2d 619, 624-25, 964 P.2d 1187 (1998). When comparing the findings of fact and conclusions of law contained in the trial judge's letter with the court's oral ruling five months earlier, it does not appear that the findings and conclusions were tailored to meet arguments raised in the State's brief.

Alternatively, the State asks that the trial court's letter be stricken. A motion may be included in the body of a party's brief only when, if granted, it would preclude hearing of the case on the merits. RAP 17.4(d). Because the State's motion would not preclude a hearing on the merits, it is not properly before the court. The motion is therefore denied. *State v. Saas*, 118 Wn.2d 37, 46 n.2, 820 P.2d 505 (1991).

the sentencing hearing in order to obtain the transcript. Our Supreme Court has affirmatively held that the State is not allowed a second opportunity to provide evidence it should have submitted at the sentencing hearing. *Lopez*, 147 Wn.2d at 522. "[W]here the State fails to carry its burden of proof after a specific objection, it would not be provided a further opportunity to do so." *State v. McCorkle*, 137 Wn.2d 490, 497, 973 P.2d 461 (1999) (citing *Ford*, 137 Wn.2d at 485).

¶16 The State contends that Mr. Knippling's sentencing argument is an improper collateral attack on the judgment. The court in *State v. Carpenter*, 117 Wn. App. 673, 678, 72 P.3d 784 (2003) disagreed:

> Initially, the State counters that Carpenter's argument is an improper collateral attack on his 1996 conviction. We disagree. It is not a collateral attack because it is directed to the present use of a prior conviction to prove that Carpenter is a persistent offender.
>
> Moreover, the State bears the burden of proving by a preponderance of the evidence that two applicable prior convictions exist when seeking a POAA sentence. Thus, Carpenter's argument first raised at sentencing, as it relates to his persistent offender status, is a proper defense to the State's proof and we address it.

(Footnote and citations omitted.)

¶17 We reject the State's claims that *Carpenter* was incorrectly decided or distinguishable on the facts. The State's arguments based on other cited authority are equally unpersuasive. *E.g.*, *State v. Ammons*, 105 Wn.2d 175, 713 P.2d 719, 718 P.2d 796 (1986); *In re Pers. Restraint of Dalluge*, 152 Wn.2d 772, 100 P.3d 279 (2004); *In re Pers. Restraint of Hemenway*, 147 Wn.2d 529, 55 P.3d 615 (2002).

¶18 Without evidence of the declination or waiver, the State failed to prove the existence of the 1999 conviction by a preponderance of the evidence. We therefore affirm.

KULIK and STEPHENS, JJ., concur.

Review granted at 163 Wn.2d 1039 (2008).