IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 30382-9-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BILLY DEAN DOYLE, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

SIDDOWAY, J. — When a defendant has agreed with the State's report of his criminal history and offender score at the time of sentencing and comments to the court during the colloquy that he has filed a collateral attack on a prior conviction, is the State then required to prove to the sentencing court that the defendant's prior convictions are all facially valid? We hold that where, as here, the defendant's comment does not explicitly or implicitly recant his agreement with the criminal history and offender score, the trial court may continue to rely on them. For that reason, and because no viable challenge is raised by Billy Dean Doyle's statement of additional grounds, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

Billy Dean Doyle was charged with one count of third degree assault for kicking a corrections officer in the face. Mr. Doyle was highly intoxicated at the time of the assault. He entered an *Alford*[1] plea to the charge in exchange for the State's recommendation of a mitigated sentence of 46 months. In his statement on plea of guilty, Mr. Doyle stipulated that he had an offender score of 9.

At the sentencing hearing, the trial court had begun the process of reviewing the plea with Mr. Doyle when Mr. Doyle interjected:

> I do have two prior—I got PRPs [personal restraint petitions] in the Court of Appeals right now challenging two of my prior felony convictions. Should any of those be overturned it would change the standard range and it would also change my decision about the proposed offer. Okay? I want that on the record.

Report of Proceedings (RP) at 6-7. He added that his objection was to "the constitutionality of all of my prior felony convictions." RP at 7. As briefly explained by Mr. Doyle and his lawyer, his complaints about his prior convictions arise from his claim that he was never told that a condition of his plea to those charges would be a term of community custody during which he would not be allowed to consume alcohol. He claims he never would have agreed to refrain from alcohol.

---

[1] *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

No. 30382-9-III
*State v. Doyle*

As the trial court reviewed the matters necessary to confirm that Mr. Doyle was entering a knowing and intelligent plea, supported by a factual basis, it returned several times to his understanding of and agreement to the terms of his plea in this proceeding. Mr. Doyle agreed that his lawyer had read the statement on plea of guilty form to him. He acknowledged that he understood what his lawyer read, that his lawyer was very thorough in answering his questions, that his lawyer had recommended the plea, and that he was taking his lawyer's advice.

His offender score was touched on during the colloquy in the following exchange:

> THE COURT: Now, understanding that you are still challenging the constitutionality of the convictions that have been listed out on your prior criminal history; I believe you stated that you do acknowledge those as convictions, however, that it would be to the offender score of nine. Is that correct?
> MR. DOYLE: Yes.
> THE COURT: Based upon that offender score of nine, Mr. Doyle, that does lead to a fifty-one to sixty month standard range, up to a maximum term and fine of five years and/or a $10,000.00 fine with twelve months of community custody. Do you understand that?
> MR. DOYLE: Yes.

RP at 13-14.

The trial court did not request, and the State did not provide a statement of Mr. Doyle's criminal history. The trial court imposed the 46-month exceptional sentence recommended by the State. Mr. Doyle appeals.

3

ANALYSIS

The sole issue raised in Mr. Doyle's brief is whether his statement to the court that he had collaterally attacked some of his convictions required that the State prove the constitutionality of his prior convictions before the trial court could rely upon the offender score of nine in imposing his sentence. *See* RCW 9.94A.530. Mr. Doyle may challenge his sentence on the third degree assault charge as illegal or erroneous for the first time on appeal. *State v. Ford*, 137 Wn.2d 472, 485, 973 P.2d 452 (1999).

At a sentencing hearing, a trial court may rely on no more information than is admitted by the plea agreement, or admitted, acknowledged or proved in a trial or at the time of sentencing. RCW 9.94A.530(2). Acknowledgment includes not objecting to criminal history presented at the time of sentencing. *Id.* To establish a defendant's criminal history, the State must prove the existence of his or her prior convictions by a preponderance of the evidence. *Id.; State v. Lopez*, 147 Wn.2d 515, 519, 55 P.3d 609 (2002). Generally a certified copy of the judgment and sentence is sufficient proof. *State v. Mendoza*, 165 Wn.2d 913, 930, 205 P.3d 113 (2009). Where the defendant stipulates to or acknowledges the prior convictions, the court may rely on this information to calculate the offender score. *State v. James*, 138 Wn. App. 628, 643, 158 P.2d 102 (2007).

The State's burden of proving the fact of prior convictions does not include an affirmative burden of proving their constitutional validity before they may be relied upon

4

in a sentencing proceeding. *State v. Ammons*, 105 Wn.2d 175, 187, 713 P.2d 719, 718 P.2d 796 (1986). "To allow an attack [on prior convictions] at that point would unduly and unjustifiably overburden the sentencing court. The defendant has available, more appropriate arenas for the determination of the constitutional validity of a prior conviction." *Id.* at 188. "However, a prior conviction which has been previously determined to have been unconstitutionally obtained or which is constitutionally invalid on its face may not be considered." *Id.* at 187-88.

Here, the "criminal history" provision of Mr. Doyle's statement on plea of guilty included the prosecuting attorney's statement that "Defendant has an offender score of 9." Clerk's Papers at 65. The statement provided, "I agree that the prosecuting attorney's statement is correct and complete" and elsewhere, "I have read the prosecuting attorney's statement of my criminal record above and agree with it." *Id.* It was signed by Mr. Doyle. He confirmed to the trial court during the colloquy at the sentencing hearing that the statement had been read to him, that he had understood it, and that he had signed it.

Mr. Doyle nonetheless argues now that once he raised his pending challenge to the constitutionality of prior convictions, the exception for any conviction that "is constitutionally invalid on its face" recognized in *Ammons* was implicated. At that point, he now argues, an evidentiary hearing was required.

5

We disagree. What the trial court relied upon in this case in imposing Mr. Doyle's sentence was his clear admission to the State's representation of his offender score. Mr. Doyle's statements about his pending PRPs did not withdraw or contradict his admission. They did not imply that he contended the prior convictions were constitutionally invalid on their face; to the extent explained to the court, the gist of his PRPs was that he had been misled about the prohibition on alcohol consumption during periods of community custody. Indeed, after referring to the convictions he was challenging, he stated, "I understand that that's not before the Court today. . . . So I'm not going to even go there." RP at 9-10. Because Mr. Doyle's admission to the State's representation of his offender score was sufficient information for sentencing, the trial court did not need to review evidence of the prior convictions and never saw evidence suggesting that any conviction was unconstitutional on its face.

The trial court did not err in imposing Mr. Doyle's sentence on the basis of his agreement to the criminal history.

## STATEMENT OF ADDITIONAL GROUNDS

In a pro se statement of additional grounds, Mr. Doyle contends (1) that the trial court erred by refusing to consider an even more greatly reduced exceptional sentence than that proposed by the State and (2) ineffective assistance of counsel for failing to request an evidentiary hearing to challenge the constitutionality of his prior convictions.

6

Mr. Doyle had an agreed offender score of 9. Based on the crime of third degree assault and an offender score of 9, the standard sentencing range was 51 to 60 months with a maximum term and fine of up to 5 years and/or a $10,000 fine with 12 months of community custody. As part of the State's plea agreement, it recommended 46 months, 5 months below the low end of the standard range. Mr. Doyle asked the trial court if it would go below the State's recommendation, to which the court responded that it would not.

Mr. Doyle characterizes the trial court's response as a refusal to even consider his request for a different, lower, exceptional sentence. He cites *State v. Garcia-Martinez*, 88 Wn. App. 322, 330, 944 P.2d 1104 (1997) for the proposition that a court abuses its discretion when it refuses, categorically, to consider a request that it exercise its discretion. That is not what happened here. Here the court said that it could impose a sentence below the State's recommendation but that it intended instead to impose the sentence that had been negotiated.[2] The court recognized its discretion. Its policy choice

---

[2] The following exchange occurred:
MR. DOYLE: Could you go below—even the recommendation?
THE COURT: I—I wouldn't.
MR. DOYLE: You could but you wouldn't?
THE COURT: I—right because it's been negotiated.
RP at 15. The court went on to explain further that it intended to accept the recommendation.

7

to follow a sentence recommended by the State pursuant to a plea agreement fell well within its discretion.

Mr. Doyle next complains that he was denied effective assistance of counsel when, at sentencing, his attorney failed to request an evidentiary hearing at which he could challenge his prior convictions. To prevail on a claim of ineffective assistance of counsel, he must show both that (1) counsel's performance was deficient and (2) the deficient performance prejudiced him. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

To demonstrate the two elements, Mr. Doyle needs to show that evidence available to his trial lawyer would have supported an argument that some of Mr. Doyle's prior convictions *were* unconstitutional, thereby making a request for an evidentiary hearing worthwhile. No such evidence exists in this record. Because Mr. Doyle's argument of ineffective assistance of counsel is necessarily dependent on facts outside the record it must be considered, if at all, in a personal restraint petition.[3] *E.g., State v.*

---

[3] The issue of whether Mr. Doyle had a basis for challenging his prior convictions may have been answered in whole or in part by the PRP proceedings to which Mr. Doyle referred during the sentencing hearing. Both have been dismissed and discretionary review denied. Order Dismissing Personal Restraint Petition, *In re Pers. Restraint of Doyle*, No. 28722-0-III (Wash. Ct. App. Mar. 25, 2011), *review denied*, No. 85935-3 (Wash. Oct. 21, 2011); Order Dismissing Personal Restraint Petition, *In re Pers. Restraint of Doyle*, No. 29640-7-III (Wash. Ct. App. Dec. 6, 2011), *review denied*, No. 86913-8 (Wash. Jun. 1, 2012).

*Norman*, 61 Wn. App. 16, 27-28, 808 P.2d 1159 (1991).

Affirmed.

A majority of the panel has determined that this opinion will not be printed in the

Washington Appellate Reports but it will be filed for public record pursuant to RCW

2.06.040.

_____
Siddoway, J.

WE CONCUR:

_____
Korsmo, C.J.

_____
Brown, J.