IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON, )
) No. 69118-0-I
Appellant/ )
Cross-Respondent, ) DIVISION ONE
)
v. )
)
JOHN A. JONES, III, ) UNPUBLISHED OPINION
)
Respondent/ ) FILED: August 12, 2013
Cross-Appellant. )
_____ )

BECKER, J. — The issue in this appeal is whether, on a remand for

resentencing, the State may submit evidence of the defendant's criminal history

that it did not submit at the original sentencing hearing, even though a defense

objection at the original hearing put the State on notice that proof was required.

It is not for this court to decide whether legislation enacted in 2008 superseded

our Supreme Court precedent on this issue, as the State contends. The trial

court properly resentenced the appellant in this case without considering

additional evidence of criminal history.

This is the third appeal to address the criminal history of respondent and

cross appellant John A. Jones III. The persistent issue in all three appeals has

been whether three California convictions are comparable to Washington felonies

and should therefore be included in Jones' offender score.

Jones committed a brutal crime of domestic violence. In 2008, a jury convicted him of second degree assault and found by special verdict that the assault occurred in the presence of his infant son.

At the first sentencing hearing in Snohomish County Superior Court on September 22, 2008, the State's presentation of Jones' criminal history included certain California convictions. Jones objected that the State's evidence was insufficient to prove he committed the California offenses or to determine the comparable Washington offenses. The trial court determined Jones' offender score to be "at least 6" by including three California convictions from 1992: one for first degree murder with a firearm and two for attempted murder with a firearm. With an offender score of 6, the standard range for the assault was 33 to 43 months. The trial court determined that an exceptional sentence was warranted by the jury's finding that the crime was committed in the child's presence. The court imposed a sentence of 120 months.

Jones appealed. This court affirmed the conviction but remanded for resentencing because the trial court had not properly determined Jones' offender score and had simply assumed, without conducting the necessary analysis, that the California convictions for murder and attempted murder were comparable to Washington felonies. State v. Jones, noted at 154 Wn. App. 1017, 2010 WL 264998, at *3, review denied, 169 Wn.2d 1009 (2010). Even when imposing an exceptional sentence, a trial court must first correctly determine the standard range. State v. Parker, 132 Wn.2d 182, 190, 937 P.2d 575 (1997) ("We are hesitant to affirm an exceptional sentence where the standard range has been

incorrectly calculated because of the great likelihood that the judge relied, at least in part, on the incorrect standard ranges in his calculus.")

Where a defendant's objections during sentencing put the State on notice of the deficiency of its evidence of criminal history, the State will not be allowed to introduce new evidence of his criminal history on remand. State v. Ford, 137 Wn.2d 472, 485, 973 P.2d 452 (1999). In his first appeal, Jones invoked that principle and argued that the objections he raised in the trial court barred the State from introducing new evidence of his criminal history on remand. The State responded that the evidence in the record was already sufficient to document the California convictions and that, in any event, a 2008 statute permitted the introduction of new evidence of criminal history, notwithstanding Ford. This court did not decide whether the State should be allowed to introduce additional evidence of criminal history on remand, finding the issue was not ripe for review because it remained to be seen whether the State would actually make such a request. Jones, 2010 WL 264998, at *3.

At the remand hearing in December 2010, over Jones' objection, the State introduced new evidence of criminal history. By this time, the State had conceded the disputed California convictions were not legally comparable to Washington offenses. The State submitted the new evidence to prove that the three California convictions for murder and attempted murder were factually comparable to Washington felonies. Purportedly, the new evidence included a transcript of a plea hearing in California in which Jones participated in a colloquy that established the factual basis for his plea of guilty to the three convictions.

The court took this evidence into consideration as well as a California drug conviction that Jones did not dispute. With the offender score now recalculated as 7, the resulting standard range was 43 to 57 months. The court again imposed an exceptional sentence of 120 months.

Jones appealed a second time and was again successful. He demonstrated that the document submitted by the State was a probation report, not a transcript of a plea colloquy. The probation report did not prove factual comparability. The case was again sent back for resentencing. State v. Jones, noted at 167 Wn. App. 1010, 2012 WL 763145, at *3.

The present appeal arises from the resentencing that occurred at a hearing in June 2012. This time, the State had a copy of the transcript of the California plea colloquy, but it was not certified. The State requested a short continuance to obtain a certified copy. The trial court denied this request and ruled that the record previously created by the State was inadequate to prove the California convictions were factually comparable to Washington felonies.

Without the California convictions, Jones' criminal history consisted solely of the undisputed prior drug conviction. The court recalculated his offender score as 1. The resulting standard range for the assault was 6 to 12 months. The court reaffirmed its determination that an exceptional sentence was warranted by the jury's finding that Jones committed the assault in the presence of the child. With the standard range of 6 to 12 months in mind, the court decided to impose an exceptional sentence of 60 months. This was half as long as the exceptional sentence of 120 months the court had imposed when the standard range was

thought to be 33 to 43 months (in 2008) and 43 to 57 months (in 2010). A few days later, the State filed a certified copy of the plea transcript that allegedly establishes the factual comparability of the California convictions.

The State appeals, contending that the trial court erred by refusing to continue the sentencing hearing long enough to allow the State to obtain the certified document. Jones cross appeals, arguing the exceptional sentence of 60 months was clearly excessive.

*Supreme Court Cases*

At sentencing, the State bears the burden of proving a defendant's prior criminal history and the comparability of out-of-state convictions. Ford, 137 Wn.2d at 479-80. In Ford, the Supreme Court adopted the rule that where the State fails to carry its burden of proving criminal history after a specific objection, it will not be provided a further opportunity to do so. Ford, 137 Wn.2d at 485.

The question in Ford was whether the defendant's failure to specifically object to the classification of three prior California convictions waived the issue on direct appeal. Ford argued the three convictions should not be counted in his offender score because they resulted in civil commitment only. Ford, 137 Wn.2d at 475. The State asserted the California convictions were comparable to felonies under Washington law but did not present documentary proof to substantiate this position. The trial court classified the convictions as comparable to Washington felonies. As a result, Ford's offender score was 11 instead of 8. The trial court imposed an exceptional sentence of 120 months, citing, among

5

other things, the aggravating factor of having an offender score of 9 or more. Ford, 137 Wn.2d at 476.

On appeal, Ford argued that the California convictions should not have been included in his offender score because the State had not proved they were comparable to Washington felonies. The State responded that the absence of proof was due to Ford's failure to object. "According to the State, had Ford objected to the State's asserted classification at sentencing and requested an evidentiary hearing, a record would have been developed to decide the issue." Ford, 137 Wn.2d at 478.

The Supreme Court decisively rejected the State's argument that Ford had the burden of proving the California convictions were classified wrongly. The court held that the State has the primary burden of proving the proper classification of out-of-state convictions. Ford, 137 Wn.2d at 480. The State cannot meet that burden through bare assertions. "To conclude otherwise would not only obviate the plain requirements of the [Sentencing Reform Act of 1981] but would result in an unconstitutional shifting of the burden of proof to the defendant." Ford, 137 Wn.2d at 482.

A challenge to classification of out-of-state convictions, like other sentencing errors resulting in unlawful sentences, may be raised for the first time on appeal. Ford, 137 Wn.2d at 484-85. The court determined that Ford's sentence was unlawful because of insufficient evidence to prove the comparability of the California convictions. Resentencing was required. Ford, 137 Wn.2d at 485.

The Ford court then addressed the issue raised in the present case: At resentencing, should the State be allowed to present evidence of criminal history that it did not present at the first hearing? The answer, under Ford, depends on whether or not the defendant had raised an objection "to specifically put the court on notice as to any apparent defects." Ford, 137 Wn.2d at 485. If the defendant did raise a specific objection, the State does not get another chance. "In the normal case, where the disputed issues have been fully argued to the sentencing court, we would hold the State to the existing record, excise the unlawful portion of the sentence, and remand for resentencing without allowing further evidence to be adduced." Ford, 137 Wn.2d at 485. Because the objection of the defendant in Ford was not sufficiently specific, the court ruled that the resentencing would include an evidentiary hearing at which the State would be allowed to introduce evidence to support the proper classification of the disputed convictions. Ford, 137 Wn.2d at 486. The Supreme Court reiterated the "no second chance" rule announced in Ford in a companion case decided on the same day, State v. McCorkle, 137 Wn.2d 490, 495-97, 973 P.2d 461 (1999).

The first case in which the Supreme Court applied the "no second chance" rule to deny the State an opportunity to introduce new evidence at a resentencing was State v. Lopez, 147 Wn.2d 515, 55 P.3d 609 (2002). In Lopez, the trial court imposed a lifelong persistent offender sentence despite the defendant's objection that the State had failed to establish the necessary predicate convictions with satisfactory evidence. The State offered to provide that evidence at a later date. The trial court declined and proceeded to sentence Lopez to life without parole.

7

The Supreme Court vacated the sentence and, following Ford and McCorkle, refused to allow the State to prove the predicate convictions on remand. Lopez, 147 Wn.2d at 519-21. Although the State argued Lopez was a persistent offender at the sentencing hearing, "it was nevertheless completely unprepared to prove his prior offenses." Lopez, 147 Wn.2d at 523.

In a later case where the State had failed to allege or prove an out-of-state conviction at the original sentencing hearing, the court again followed Ford and held the State "should not be allowed the remedy of an evidentiary hearing to correct its failure." In re Pers. Restraint of Cadwallader, 155 Wn.2d 867, 878, 123 P.3d 456 (2005).

In the present case, Jones made a specific objection at the time of the original sentencing. The State did not come forward with proof of the comparability of the California convictions. If Ford, McCorkle, Lopez, and Cadwallader control the outcome of the present case, the State does not have the right to another opportunity to correct its failure of proof.

The State argues, however, that the outcome of the present case is controlled by legislation enacted in 2008 in response to Ford, McCorkle, Lopez, and Cadwallader.

*2008 Legislation*

The title of the 2008 statute is "An Act Relating to ensuring that offenders receive accurate sentences." The first section declares the legislature's view that Ford, McCorkle, Lopez, and Cadwallader obstruct the goal of accuracy in sentencing:

It is the legislature's intent to ensure that offenders receive accurate sentences that are based on their actual, complete criminal history. Accurate sentences further the sentencing reform act's goals of:

(1) Ensuring that the punishment for a criminal offense is proportionate to the seriousness of the offense and the offender's criminal history;

(2) Ensuring punishment that is just; and

(3) Ensuring that sentences are commensurate with the punishment imposed on others for committing similar offenses.

*Given the decisions in In re Cadwallader, 155 Wn.2d 867 (2005); State v. Lopez, 147 Wn.2d 515 (2002); State v. Ford, 137 Wn.2d 472 (1999); and State v. McCorkle, 137 Wn.2d 490 (1999), the legislature finds it is necessary to amend the provisions in RCW 9.94A.500, 9.94A.525, and 9.94A.530 in order to ensure that sentences imposed accurately reflect the offender's actual, complete criminal history, whether imposed at sentencing or upon resentencing.* These amendments are consistent with the United States supreme court holding in Monge v. California, 524 U.S. 721[, 118 S. Ct. 2246, 141 L. Ed. 2d 615] (1998), that double jeopardy is not implicated at sentencing following an appeal or collateral attack.

LAWS OF 2008, ch. 231, § 1 (emphasis added).

The 2008 statute amended numerous sections of the Sentencing Reform Act. Pertinent to this appeal, one of the sections amended was RCW 9.94A.530, which defines the evidence a trial court may consider when determining the standard range. The statute amended RCW 9.94A.530(2) so that it now reads as follows:

(2) In determining any sentence other than a sentence above the standard range, the trial court may rely on no more information than is admitted by the plea agreement, or admitted, acknowledged, or proved in a trial or at the time of sentencing, or proven pursuant to RCW 9.94A.537. Acknowledgment includes not objecting to information stated in the presentence reports *and not objecting to criminal history presented at the time of sentencing.* Where the defendant disputes material facts, the court must either not consider the fact or grant an evidentiary hearing on the point. The facts shall be deemed proved at the hearing by a preponderance of the evidence, except as otherwise specified in RCW 9.94A.537. *On remand for resentencing following appeal or collateral attack, the parties shall have the opportunity to present*

*and the court to consider all relevant evidence regarding criminal history, including criminal history not previously presented.*

LAWS OF 2008, ch. 231, § 4 (emphasis on portions added in 2008).

The State argues that the last sentence of RCW 9.94A.530(2), as amended in 2008, means that the State must always be allowed to supplement the record at resentencing with materials not previously considered by the court, notwithstanding a specific objection raised by the defendant at a previous sentencing. To the extent that Ford and its progeny give the State only one chance to introduce evidence proving criminal history after a specific objection, the State contends that those decisions have been superseded by the 2008 statute.

Jones responds that the Supreme Court found the amendment to RCW 9.94A.530(2) to be unconstitutional on its face in State v. Hunley, 175 Wn.2d 901, 912-15, 287 P.3d 584 (2012). He overstates the holding of Hunley. The question before the court was whether the 2008 statute was constitutionally infirm to the extent that it permitted the State to prove criminal history with a prosecutor's summary, and to the extent that it deemed a defendant's failure to object to be an "acknowledgement" that would excuse the State from meeting its burden of proof as set forth in Ford. The court found that these particular amendments were an impermissible attempt to overrule Supreme Court holdings that were rooted in principles of due process. "The legislature may change a statutory interpretation, but it cannot modify or impair a judicial interpretation of the constitution." Hunley, 175 Wn.2d at 914.

Whether the State should get more than one chance to present evidence of criminal history after a specific defense objection was not at issue in Hunley. Thus, the Hunley court did not address the last sentence of RCW 9.94A.530(2), which states: "On remand for resentencing following appeal or collateral attack, the parties shall have the opportunity to present and the court to consider all relevant evidence regarding criminal history, including criminal history not previously presented." This is the portion of the statute the State relies on in the present case. The State's reply brief contends that the Supreme Court has never articulated a constitutional basis for the "no second chance" rule and therefore the legislature was free to supersede it by a statutory enactment.

This court is not in a position to declare that the "no second chance" rule set forth in Ford is no longer in effect. Once the Supreme Court has decided an issue of state law, that interpretation is binding on all lower courts until it is overruled by the Supreme Court. State v. Gore, 101 Wn.2d 481, 487-88, 681 P.2d 227 (1984). Ford is a foundational case on sentencing procedure in Washington. The court was concerned with preserving the integrity and dignity of the sentencing process as a matter of due process generally. See Ford, 137 Wn.2d at 484 ("'The meaning of appropriate due process at sentencing is not ascertainable in strictly utilitarian terms'"), quoting American Bar Ass'n, STANDARDS FOR CRIMINAL JUSTICE: SENTENCING std. 18-5.17, at 206 (3d ed. 1994). If the State is to have unlimited opportunities to introduce new evidence of criminal history whenever a defendant is resentenced, the State must first

convince the Supreme Court that it lacked a constitutional basis for establishing the contrary rule in Ford.

At his first sentencing for the 2008 assault conviction, Jones objected that the State's evidence was insufficient to prove he committed the California offenses or to determine their comparable Washington offenses. Under Ford, the State was obliged to come forward at that time with adequate proof. The State did not do so. Under Ford, the trial court on this most recent remand was correct in refusing to allow the introduction of additional evidence. It was not an abuse of discretion to deny the State's request for a continuance to supplement the record with new evidence proving the comparability of the California convictions.

*Exceptional Sentence*

In a cross appeal, Jones challenges the court's exceptional sentence of 60 months as clearly excessive. A sentence alleged to be clearly excessive is reviewed for abuse of discretion. State v. Oxborrow, 106 Wn.2d 525, 530, 723 P.2d 1123 (1986).

To reverse an exceptional sentence, the court must find "(a) Either that the reasons supplied by the sentencing court are not supported by the record which was before the judge or that those reasons do not justify a sentence outside the standard sentence range for that offense; or (b) that the sentence imposed was clearly excessive." RCW 9.94A.585(4). When a sentencing court does not base the sentence on improper reasons, it will be found excessive only if its length "'shocks the conscience of the reviewing court'" in light of the record. State v.

12

Ritchie, 126 Wn.2d 388, 393, 894 P.2d 1308 (1995), quoting State v. Ross, 71 Wn. App. 556, 571, 861 P.2d 473, 883 P.2d 329 (1993).

The exceptional sentence was based on a proper reason. The jury found that the assault occurred in the presence of the defendant's minor child.

In the course of imposing the sentence, the court remarked, "And, in resentencing him with a score of 1, the range would be 6 to 12, along with what I think is an open door given the aggravating factor." Jones objects to the court's "open door" comment. We reject his contention that the reference to "an open door" meant the court believed there were no constraints upon the length of the sentence. The court's decision to reduce the exceptional sentence from 120 months to 60 months shows the court's acceptance of the responsibility not to be excessive in sentencing. The assault itself was unusually violent. In light of the record, the length of the sentence does not shock the conscience of this court. We find no abuse of discretion.

Affirmed.

Becker, J.

WE CONCUR:

Spearman, A.C.J.

Grosse, J.