[No. 66275-4. En Banc.]
Argued October 20, 1998.     Decided March 11, 1999.

THE STATE OF WASHINGTON, *Petitioner*, v. EDWARD A. McCORKLE, *Respondent*.

---

John W. Ladenburg, Prosecuting Attorney, and Kathleen Proctor, Deputy, for petitioner.

Patricia A. Pethick, for respondent.

JOHNSON, J. — This is the companion case to State v. Ford, 137 Wn.2d 472, 973 P.2d 452 (1999). Like Ford, this case raises the question whether failure to specifically object at sentencing to the classification of prior out-of-state convictions waives the issue on direct appeal.

The Court of Appeals held that failure to specifically object did not waive the issue on appeal. Finding the evidence insufficient to determine whether any of the disputed convictions were properly included in the defendant's offender score, the Court of Appeals remanded for an evidentiary hearing, and for resentencing based thereon.

We affirm.

## FACTS

Respondent, Edward A. McCorkle, pleaded guilty in Pierce County Superior Court to one count of robbery in

the first degree. At sentencing, McCorkle stipulated to six prior convictions. He disputed seven other out-of-state convictions offered by the State. Specifically, McCorkle objected to the use of any conviction for which there was no certified judgment, and to the use of any pre-1986 convictions, arguing these convictions had "washed out" under the provisions of the Sentencing Reform Act of 1981 (SRA). Based on the six stipulated convictions, McCorkle calculated his offender score as 6. The State argued for the inclusion of the 7 unstipulated out-of-state convictions, resulting in a total of 13 prior convictions and an offender score of 10. The trial court agreed with the State, calculated McCorkle's offender score at 10, and sentenced McCorkle to a term within the standard range of 171 months. (With an offender score of 6, the standard range would have been 77 to 102 months. *See State v. McCorkle*, 88 Wn. App. 485, 491 n.2, 945 P.2d 736 (1997)).

The Court of Appeals reversed. *McCorkle*, 88 Wn. App. 485. The court specifically found McCorkle had made only a general objection to the inclusion of the unstipulated convictions in his offender score. *McCorkle*, 88 Wn. App. at 490-91. Nevertheless, holding that challenges to an offender score calculation may be raised for the first time on appeal, the court reached the merits of McCorkle's argument. *McCorkle*, 88 Wn. App. at 500 (citing *State v. Roche*, 75 Wn. App. 500, 513, 878 P.2d 497 (1994)).

Accordingly, the Court of Appeals attempted to classify McCorkle's unstipulated prior out-of-state convictions by comparing the elements to comparable Washington crimes. *McCorkle*, 88 Wn. App. at 493-98. Of the seven disputed convictions, the court found the record insufficient to determine whether six of the convictions were comparable to Washington felonies, and that possibly all seven disputed convictions were not properly includable in McCorkle's offender score. *McCorkle*, 88 Wn. App. at 498.

It appeared to the Court of Appeals that at least two of

the disputed convictions were not properly included in the offender score because they amounted to misdemeanors under Washington law. *McCorkle*, 88 Wn. App. at 495-96, 498. The evidence was insufficient to determine the classification of four of the other disputed convictions. *McCorkle*, 88 Wn. App. at 496-97. Of the one disputed conviction which the court found would be classified as a felony under Washington law (a Georgia burglary), it was impossible to tell whether it would be a class A, B, or C felony. *McCorkle*, 88 Wn. App. at 496. This determination, combined with the classification of a subsequent unauthorized use of a vehicle conviction in Ohio, of which the evidence was insufficient to determine a classification under Washington law, was critical to determining whether the Georgia conviction "washed out" under the SRA. *McCorkle*, 88 Wn. App. at 498.

Because of the lack of specific objection, the Court of Appeals remanded for an evidentiary hearing that the State might meet its burden of proving the classification of the disputed out-of-state convictions, and for resentencing based thereon. *McCorkle*, 88 Wn. App. at 502-03.

The State appealed. We granted review limited to whether McCorkle waived any challenge to the classification of the disputed convictions by failing to specifically object at sentencing. We now affirm the Court of Appeals.

### ANALYSIS

In *State v. Ford*, 137 Wn.2d 472, we held that a challenge to the classification of out-of-state convictions may be raised for the first time on appeal. *Ford*, 137 Wn.2d at 484-85. Our holding in *Ford* was directly controlled by the clear burden of proof placed on the State by the SRA. We reaffirmed in *Ford*, and we do so again here, that under the SRA the State is required to prove the existence and classification of prior-out-of-state convictions by a preponderance of the evidence. *See Ford*, 137 Wn.2d at 482-83.

Objection to unsupported argument regarding classification is not required in order to put the State to its proof. *Ford*, 137 Wn.2d at 483. Under the SRA, the State's burden is mandatory.

Our holding in *Ford* controls the outcome in this case. However, we address two additional arguments not raised in *Ford*.

First, we reject the State's argument that allowing an appeal in this case contravenes the prohibition against appeal of standard range sentences contained in RCW 9.94A.210(1), and our decision in *State v. Mail*, 121 Wn.2d 707, 854 P.2d 1042 (1993). RCW 9.94A.210(1) precludes only appellate review of challenges to the length of time imposed within the standard range. *State v. Ammons*, 105 Wn.2d 175, 182-83, 713 P.2d 719, 718 P.2d 796 (1986). Here, McCorkle does not challenge the length of his sentence *within* the standard range. Rather, he argues the standard range itself was incorrectly calculated by using prior out-of-state convictions which should not have been included in his offender score. Because the sentencing court must first calculate the correct standard range before imposing sentence within that range, failure to do so is legal error subject to review. *State v. Parker*, 132 Wn.2d 182, 189, 937 P.2d 575 (1997).

Finally, McCorkle argues he *did* specifically object to the classification of the disputed out-of-state convictions. We agree. At sentencing, McCorkle argued the convictions should not be included in his offender score because they "washed out" under RCW 9.94A.360(2). Whether a prior out-of-state conviction "washes out" cannot be determined without first classifying the conviction as a class A, B, or C felony under Washington law. *See* RCW 9.94A.360(2). Thus, McCorkle's "wash out" objection necessarily encompassed classification of the disputed convictions.

In *Ford* we adopted the reasoning of the Court of Ap-

peals in *McCorkle* and stated where the State fails to carry its burden of proof after a specific objection, it would not be provided a further opportunity to do so. *Ford*, 137 Wn.2d at 485. Here, however, McCorkle does not cross-appeal the Court of Appeals' decision. Thus, despite the specific objection in this case, we remand for an evidentiary hearing and resentencing based thereon, in accordance with the Court of Appeals' analysis.

Affirmed.

GUY, C.J., DURHAM, SMITH, MADSEN, ALEXANDER, and SANDERS, JJ., and DOLLIVER, J. Pro Tem., concur.

TALMADGE, J. (concurring) — Consistent with my dissent in the companion case of *State v. Ford*, I concur here for the reasons articulated at page 496 of the majority opinion. I agree with the majority view that McCorkle raised a sufficient objection at sentencing to preserve for review the alleged error as to classification of his out-of-state convictions.

It is undisputed McCorkle challenged the calculation of his criminal history at sentencing, insisting his offender score should be 6. He specifically argued certain out-of-state convictions should not be included in his offender score because they "washed out" under RCW 9.94A.360(2). The State acknowledged McCorkle's "wash out" argument at sentencing and admitted it had been unable to secure certified documentation from the Ohio Department of Corrections, which it claims would resolve the issue. The State also responded to McCorkle's "wash out" argument by noting a 1989 Clark County conviction, endorsed by his attorney at that time, which listed his offender score as 9, based on the convictions he now alleges have washed out.

The State argued McCorkle's offender score should be 13, relying on various conflicting documents regarding his

criminal history including a presentence investigation report and FBI rap sheet. The sentencing court rejected both views, setting McCorkle's offender score at 10, obtaining this score by adding a 1991 conviction for attempted burglary to the offender score of 9 derived from the 1989 Clark County conviction. The trial court explained it was using the 1989 Clark County offender score determination as a base because it had been endorsed by McCorkle's attorney at that time. The trial court ignored the fact, noted by McCorkle's attorney, that Pierce County convictions in 1986 and 1991, also contemporaneously endorsed by McCorkle's attorneys, determined his offender score to be 0 and 3 respectively.

Remand for an evidentiary hearing and resentencing is appropriate here because, unlike the appellant in *Ford*, McCorkle sufficiently raised the issue of classification below. Because McCorkle specifically argued at sentencing that his prior convictions "washed out" under the SRA, he sufficiently put into contention the issue of classification of those prior convictions, as such classification is a requisite first step in determining whether earlier convictions "wash out." *See* RCW 9.94A.360(2) and (3).[1] Thus, McCorkle sufficiently raised the issue in the trial court below to the necessary degree to (1) allow opportunity for the trial court to correct the asserted error, and (2) put all parties on notice of the contended issue. *See State v. Boast*, 87 Wn.2d 447, 451, 553 P.2d 1322 (1976) ("Objections must be accompanied by a reasonably definite statement of the grounds therefor so that the judge may understand the question raised and the adversary may be afforded an opportunity to remedy the claimed defect." (quoting *Presnell v. Safeway Stores, Inc.*, 60 Wn.2d 671, 675, 374 P.2d 939 (1962)).

---

[1]Because such classification is a necessary first step in determining whether "wash out" has occurred, McCorkle's case is distinguishable from *Ford*. Ford never asserted a wash out claim under RCW 9.94A.360(2) before the sentencing court; he simply attempts to assert for the first time on appeal that his California offenses are not comparable to Washington offenses.

Given the State's acknowledgment of, and argument against, McCorkle's "wash out" contention, it cannot be said any party or the sentencing court lacked sufficient notice of the issues presently before us, including the classification of convictions. Unlike *Ford*, the asserted error here is properly preserved for appeal. Remand for an evidentiary hearing and resentencing is available to McCorkle, and appropriate given the confused and conflicting documentation upon which the State and sentencing court relied in determining his offender score.