IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| RYAN MATTHEW PALMER, | ) | No. 78328-9-I |
| | ) | |
| Appellant, | ) | DIVISION ONE |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| STATE OF WASHINGTON, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | FILED: January 13, 2020 |

HAZELRIGG-HERNANDEZ, J. — Ryan Matthew Palmer entered a guilty plea pursuant to a written plea agreement and the court imposed the jointly recommended sentence. The signed plea agreement included a statement that the defendant agreed to an offender score of five, which was based entirely on out-of-state convictions. No further proof of the out-of-state convictions was provided by the State and the court did not make any findings as to comparability to Washington felonies. Palmer assigns error to the court's inclusion of those convictions in his offender score without conducting a comparability analysis. Where, as here, an agreement exists between the parties as to the offender score, the court may accept that agreement without further proof of comparability. We affirm.

FACTS

In July 2017, the State charged Ryan Palmer with burglary in the second degree and assault in the fourth degree based on his entry into the Four Seasons Hotel's loading dock area to take cardboard to sleep on, a bottle of muscle milk, and a container of yogurt. These actions resulted in a physical altercation with an employee over the food items. In October 2017, the State amended the information to enhance the burglary charge to first degree, a most serious or "strike" offense, in anticipation of trial. In February 2018, pursuant to a plea agreement, the State reduced the charges back down to burglary in the second degree and assault in the fourth degree.

The jointly recommended sentence for Palmer's cases was for a residential Drug Offender Sentencing Alternative (DOSA) in lieu of the 17 to 22 month standard range prison sentence. Paperwork filed with the court included a typed plea agreement signed by defense counsel, a deputy prosecutor, and Palmer. The plea agreement outlined the full terms of the agreed resolution for Palmer's pending criminal matters in King County and Seattle Municipal Courts. Palmer entered his plea to the charges on February 18, 2018 and the court imposed a residential DOSA at his sentencing hearing approximately one month later. The court sentenced Palmer on an offender score of five based entirely upon three prior New York felony convictions.[1] The State did not offer any argument as to comparability of the New York offenses to Washington felonies, nor did the trial

---

[1] Two of the New York offenses were double scored on the Washington State Adult Sentencing Guidelines Manual worksheet filed with the plea agreement.

court engage in such analysis or make any findings as to comparability. Palmer timely appeals.[2]

## ANALYSIS

We review a challenge to classification of out-of-state convictions de novo. State v. Beals, 100 Wn. App. 189, 195, 997 P.2d 941 (2000). The Sentencing Reform Act (SRA)[3] establishes a grid of standard sentencing ranges by utilizing the defendant's offender score and the seriousness score of the current crime. State v. Wiley, 124 Wn.2d 679, 682, 880 P.2d 983 (1994); See also RCW 9.94A.525. The offender score is reached by examining a defendant's criminal history and calculating their prior convictions for felonies, certain juvenile offenses, and selected misdemeanor convictions. RCW 9.94A.525.

The state bears the burden of establishing a defendant's criminal history by a preponderance of the evidence. State v. Ford, 137 Wn.2d 472, 480, 973 P.2d 452 (1999) (superseded by State v. Cobos, 182 Wn.2d 12, 338, P.3d 283 (2014)). When a defendant's criminal history includes out-of-state convictions, the state bears the burden of proving the classification of those out-of-state convictions. State v. McCorkle, 137 Wn.2d 490, 495, 973 P.2d 461 (1999) (superseded by State v. Jones, 182, Wn.2d 1, 338, P.3d 278 (2014)). However, "[w]hen the defendant affirmatively agrees with the State's classification of out-of-state convictions, the sentencing court may include the convictions in the defendant's offender score without further proof of classification." State v. Hunter, 116 Wn. App.

---

[2] Palmer was later sentenced to prison on this matter after stipulating to the revocation of the residential DOSA, but that judgment and sentence order was not challenged in this appeal.
[3] Chapter 9.94A RCW.

300, 301, 65 P.3d 371 (2003); See also, Ford, 137 Wn.2d at 483. "[T]he remedy for a miscalculated offender score is resentencing using a correct offender score." State v. Ross, 152 Wn.2d 220, 228, 95 P.3d 1125 (2004).

In Hunter, this court upheld the inclusion of four out-of-state convictions in a defendant's offender score. 116 Wn. App. at 301. At the entry of his guilty plea, Hunter disputed the State's assertion that his offender score was five, based on out-of-state convictions. Id. at 302. At sentencing, the prosecutor admitted that the State was unable to prove that one of the out-of-state convictions was comparable to a Washington felony, therefore Hunter's offender score should be a four. Defense counsel then expressly conceded that the only other conviction Hunter challenged was properly included in the offender score and thereby the standard range was accurate. Id. This court held that due to the defense's affirmative acknowledgement as to the accuracy of the state's classification of the remaining out-of-state convictions, the sentencing court properly included them within the offender score and no further proof was necessary for the court to consider. Id.

In the present case, Palmer entered two pleas in which he separately admitted guilt to burglary in the second degree and assault in the fourth degree. In addition to the State's reduction of the felony from a Class A strike offense back to a Class B non-strike, the plea agreement provided that the prosecution would not file charges on two other pending criminal referrals and that the City of Seattle would dismiss three misdemeanor cases pending in Seattle Municipal Court. The jointly recommended sentence was for a residential DOSA that provided for completion of residential chemical dependency treatment and compliance with

community custody supervision in lieu of prison time. The second page of the plea agreement filed with the court states:

> The defendant <u>agrees</u> to this Plea Agreement and that the attached sentencing guidelines scoring form(s) (Appendix A), offender score, and the attached Prosecutor's Understanding of Defendant's Criminal History (Appendix B) are accurate and complete and that the defendant was represented by counsel or waived counsel at the time of prior conviction(s). The State makes the sentencing recommendation set forth in the State's sentence recommendation. An essential term of this agreement is the parties' understanding of the standard sentencing range(s); if the parties are mistaken as to the offender score on any count, neither party is bound by any term of this agreement. <u>The defendant agrees that his score for this offense is a 5</u>.

(Emphasis in original). The document provides an area for Palmer to note an objection regarding prior convictions and set out the basis for the objection. The form does not contain a mark in the objection box that would indicate Palmer disputed any of the criminal history referenced therein. Palmer and defense counsel signed the plea agreement document on the same page as the paragraph discussing criminal history and the express agreement to an offender score of five. As explained in that paragraph, more detailed information regarding the convictions used to calculate the agreed offender score was included in Appendix B to the plea agreement including title of charges, New York cause numbers, and dates of conviction.

The signed plea agreement filed with the court expressly includes an affirmative acceptance by the defendant, and his counsel, of an offender score of five without disputing the validity or comparability of the New York convictions. The court did not err by imposing a sentence based upon the agreed offender score

and was not required to engage in comparability analysis under these circumstances.

Affirmed.

WE CONCUR: